WILLIAM D. BARNES, SURVIVING EXECUTOR OF CULLEN CURL, DECEASED, PLAINTIFF IN ERROR, VS. ANDREW SCOTT, AS SHERIFF OF JACKSON COUNTY AND EX-OFFICIO ADMINISTRATOR OF THE ESTATE OF ALICE G. KING, DECEASED, DEFENDANT IN ERROR.

ADMINISTRATION—PRESENTATION OF CLAIMS—LIMITATIONS—PLEADING—NOTING EXCEPTIONS.

1. The two pleas: "Want of consideration," and, "That the note sued on was not the note of the alleged maker thereof," furnish distinct and independent defenses, and are not so inconsistent as to preclude their being interposed together in the same suit.

2. To erroneous rulings that appear upon the face of the record, and that are, perforce of their very nature, a part of the record itself, and that appear from a simple transcript of the papers and proceedings that compose the record proper in the cause without the help or addition of a bill of exceptions, it is not necessary to note exceptions or objections in the court below, in order to assign them for error to be reviewed upon appeal. The ruling of the court requiring the defendant to elect between two pleas interposed by him, followed by the election required by

such ruling :   *Hel l*, to be such a ruling as was apparent on the face of the record and that required no exception to have it reviewed here.

3. No exception or objection is necessary to be taken or noted to the rulings of the court below upon demurrers to the different pleadings in order to render them reviewable as error here.

4. The *presentation* of a claim for payment to the personal represent- ative of a deceased debtor, when not denied or contested by such representative as being a good and valid claim against the estate, stops the operation of the general statute of limitation and of non-claim, when made within the period of twelve months after the qualification of such personal representative. Such *presentation* has the same legal effect, so far as the bar of the general statute of limitation is concerned, as though suit had been instituted within that period.   Whether such presentation if made within *two* years would not have the same effect, not decided.

5. Where there is more than one qualified legal representative of a deceased debtor, the *presentation* of a claim for payment to *one* of them is tantamount to a presentation to all.

6. Where a defendant is designated simply as " executor " in a suit, and the plaintiff, by leave of the court, at the trial of the cause, amends his præcipe, summons and declaration so as to describe the defendant as "*surviving*" executor; *Held,* That such amendment is as to *matter of form* only and does not en_ title the defendant to a continuance of the cause under the provisions of section 96, page 834, McClellan's Digest.

7. The effect of sections 68, 69 and 70, page 96, McClellan's Digest, is to except the question of the possession or non-possession of assets by an executor or administrator, as an issue, out of suits brought by creditors against the estate simply to reduce their claims to judgment; that issue, and the consequent personal liability or non-liability of the executor or administrator and

his sureties, being postponed by this legislation to another suit on the judgment recovered, in which the issue of assets or no assets is directly and chiefly made. Except in suits brought directly to test the existence of assets and the consequent liability of the executor or administrator and his sureties, the office and the effect of the pleas *plene administravit*, and *plene administravit præter*, as by this legislation, become nugatory in this State, and no longer a legitimate defense in suits brought simply to reduce creditors' claims to judgment.

Writ of Error to the Circuit Court for Jackson county.

The facts in the case are stated in the opinion of the court.

*Liddon* and *Carter* for Plaintiff in Error.

*John W. Malone* for Defendant in Error.

TAYLOR, J.:

When this cause was first brought to this court upon writ of error, William D. Barnes and Rhoda E. King, as surviving executors of Cullen Curl, deceased, were the plaintiffs in error, and Alice G. King was the defendant in error; since that time it has been made to appear that both Rhoda E. King and Alice G. King have died, and that Andrew Scott, sheriff of Jackson county, has qualified *ex officio* as administrator of said Alice G. King, deceased; and, by consent of all parties, the said Scott as administrator, takes the place of

said Alice G. King as a party to the suit here, the cause to proceed as though he were the original de-- fendant in error, and the said William D. Barnes, as surviving executor, the sole plaintiff in error. On the 13th of March, 1885, the original defendant in error instituted her action in assumpsit in the Circuit Court of Jackson county, against William D. Barnes and Rhoda E. King, as executors of the last will of Cullen Curl, deceased, upon a promissory note for $5,000, made by Cullen Curl, dated February 11th, 1880, payable one day after date.

To the declaration the defendants, as executors, pleaded :

1st. That it was not the testator's note ;

2d. Want of consideration ;

3d. Bar of the statute of limitation of five years ;

4th. That defendants' testator died on or about the 21st of February, 1880, and plaintiff did not sue until after five years after the right of action accrued, and more than one year after the qualification of defendants as executors ;

5th. *Plene administravit praeter.*

On the motion of the plaintiff the court below required the defendants to elect between their first and second pleas above, and this ruling is assigned as the first error.

It is contended for the defendant in error that this ruling cannot be assigned for error here and cannot be considered by this court because no exception or ob-

jection was taken or noted to same in the court below.
While the rule is well settled that exceptions must be
taken and noted to all rulings of the court below that
it is desired to have reviewed here when such rulings
are made during the progress of a trial concerning
matters *in pais* that are not and can never be a part of
the *record* in the case unless made so by bill of excep-
tions duly made up and authenticated by the signa-
ture and seal of the judge presiding, yet this rule, upon
a writ of error, does not apply to rulings that are ap-
parent upon the face of the record, and that are, per
force of their very nature, a part of the record itself;
and that appear from a simple transcript of the papers
and proceedings that compose the record proper of the
cause without the help or addition of a bill of excep-
tions—such for instance as the rulings of the court
upon demurrers to the different pleadings. When the
matter submitted to the court for its decision and the
ruling thereon is made to appear as a part of the legit-
imate record proceedings in the cause, leading up as
steps to the formation of the issues therein, then as to
such matters there is no necessity for any exception in
order to have it reviewed here, because, in such cases
a bare transcript of the papers filed in the cause and
that compose within themselves that which is the
*record* of such cause, and the rulings of the court
thereon, would upon their face exhibit the matter to
be reviewed here without the aid of a bill of exceptions
to make it appear. The distinction as to when it is and
when it is not necessary to take or note exceptions to

rulings upon which a review is desired is thus very clearly put in Powell on Appellate Proceedings, p. 215.

"The only object of a bill of exceptions is to bring into the record, the facts and the decision of the court, where it would not otherwise appear therein. Sometimes when a matter transpires or a decision is casually made and its objectional character not readily perceived, the party is required to make his objection at the time in order to enable the matter to be corrected if it is chosen to be, for otherwise it may be presumed that the matter was assented to or waived. But where a question is directly raised to the court to respond to it, as upon a demurrer, or a motion found upon the matters in the record, which shows the matter and the decision of the court thereon, no bill of exceptions is necessary. And no objection is required to be made to the decision of the court, upon any matter directly submitted to the court for its decision, and that specially called for such decision ; for then it is not to be presumed that the decision was casually made, or that it might be corrected upon the objection being made. For where the facts already appear in the record, and the court, by a demurrer, or a proper motion founded thereon, is called upon for the proper decision or instruction, the court is bound to decide the question according to law, without any exception or objection being made to such decision ; for in such a case there is palpable error apparent on the record, in case the question is decided wrong. In such a case, to state on the record that the decision of the court was excepted, or

objected to, is unnecessary, and it is impertinent, be-
cause it is as unnecessary as it is offensive."

The ruling of the court under consideration belongs
clearly to that class where no exception was necessary
to make it assignable as error or to have it reviewed
here. The two pleas that were the subject matter in-
volved in the ruling are a part of the record proper.
The order or ruling of the court requiring the defend-
ant to abandon one of them and elect upon which of
the two he would rely is also a part of the record
proper; and the subsequent written election between
the two pleas filed by the defendant in obedience to
such ruling became also a part of the pleadings
and record in the cause. So that we have before us,
appearing as part and parcel of the record proper, not
only the subject matter propounded to the court for its
decision, but the decision or ruling itself. No excep-
tion was necessary to be noted in order to have it re-
viewed here. We think the court erred in requiring
the defendant to elect between his first and second
pleas. While there may be some repugnancy between
them, the plea of "want of consideration" to a suit
on a note carrying with it an implied admission of the
making of the note; yet there is no such inconsistency
and repugnance between them as prohibited their being
pleaded at the same time as a defense. If the note
sued upon is not the act of the alleged maker but is a
forgery, it would follow as a corollary that such an in-
strument was devoid of consideration. While on the
other hand though the defendants' plea that it was not
his note might be proven to be untrue, still it might be

true, as stated in his second plea, that it was without consideration. The two pleas set up distinct and entirely independent defenses, both of which are legitimate and proper, and either one of which, when established, would entirely defeat a recovery. By this ruling the defendant was shut off from introducing proof to establish want of consideration, and was thereby deprived of a legitimate defense that he attempted to make, and that should have been made by him, occupying the representative capacity that he did, if the facts of such plea were true.

For replication to the third and fourth pleas above, the plaintiff replied as follows: "That the plaintiff's right of action accrued on the cause of action in the declaration mentioned on the 15th day of February, 1880, and afterwards, to-wit: on the 20th day of February, 1880, Cullen Curl, the defendants' testator, died testate, and afterwards the said defendants duly qualified as the executors of the last will of said Cullen Curl, deceased; and afterwards, and within one year from the qualification of said defendants as executors as aforesaid, and the issuing of letters testamentary to said defendants, to-wit: on the 9th day of July, A. D. 1880, the promissory note in the declaration mentioned was duly presented for payment to the defendant, R. E. King, as executrix as aforesaid; and afterwards, on the 13th of March, 1885, suit was instituted thereon." To this replication the defendants demurred, assigning as grounds of demurrer:

"1st. That the *presentment* of the claim as alleged

does not take the case out of the statute of limitations ;

"2d. A presentment to one executor is not sufficient."

This demurrer the court overruled, and this ruling is assigned as the second error.

It is contended for the defendant in error that this assignment cannot be considered by this court, because no exception was taken or noted to the ruling of the court below upon this demurrer.   This court, in Jones, Varnum & Co. vs. Townsend's Administratrix, 21 Fla., 431, has settled this contention by holding that under the provisions of Chapter 3430, Laws of Florida, approved March 5th, 1883, no exception need be taken or noted to the ruling of the lower court upon a demurrer, in order to have such ruling reviewed upon writ of error or appeal.   Of the correctness of that decision this court is fully satisfied.

Was there error in overruling this demurrer ?   We think not.   The replication alleges that within the same year that the cause of action first accrued, and within one year after the qualification of the defendants as executors of the deceased maker of the note sued upon, the same was presented by the plaintiff to one of such executors for payment.   Though no suit was brought to recover such note until March 13th, 1885, under the view of this court in Sanderson's Administrators vs. Sanderson, 17 Fla., 850, and in Deans, Administrator, vs. Wilcoxon, 25 Fla., 980, we think the *presentation* of the claim for payment to the personal represen-

tative of the deceased debtor, when not denied or contested by him as being a good and valid claim against the estate, stopped the operation of the general statute of limitation and of non-claim, when made within the period of twelve months after the qualification of such personal representative. Without deciding whether such presentation, if made within *two* years after the giving of notice for presentation of claims, would likewise have this effect to stop the bar of the statute or not, the *presentation* of this claim for payment to the personal representative, within one year after his qualification, in the absence of any denial of its validity if such was the fact, had the same legal effect, so far as the bar of the general statute of limitation is concerned, as though suit had been instituted within that period. It was further contended that such presentation, to have this effect, should have been made to all the executors, instead of to one of them only. This position is untenable. The general rule is, that notice to one executor is notice to all. McHardy vs. McHardy's Executor, 7 Fla., 301. And upon the principle of this rule, we think the presentation of a claim to one executor is tantamount to a presentation to all of them.

At the term of the court at which this case was tried, the plaintiff was allowed to amend her præcipe, writ and declaration in the following particular: The defendants were sued simply as executors of the last will of Cullen Curl, deceased. By means of dilatory pleas it appeared that there had been another qualified executor, who had died prior to the institution of the suit.

The defendants contended that they should be desig-
nated in the suit as "surviving" executors. Yield-
ing to this contention, the plaintiff obtained leave of
the court and amended her præcipe, writ and declara-
tion so as to describe the defendants as "surviving
executors," &c. By reason of this amendment the de-
fendants claimed and applied for a continuance of the
cause for that term, under the provisions of sec. 96, p.
834, McClellan's Digest, that provides that the court,
in its discretion, may give leave to any party to amend
any pleading at any time before the case is submitted
to a jury ; provided, the amendment be made instanter ;
and provided also, that if the amendment be in matter
of *substance*, and not of form, the other party shall
have the right to claim a continuance. This applica-
tion for continuance was refused, and such refusal is
assigned as the third error. We see no error in this
ruling. The amendment made did not work any
change in the issues as presented by the pleadings,
either *pro* or *con ;* did not necessitate any different or
additional pleading on the part of the defendants, and
did not necessitate the production of any other, differ-
ent, or further proofs than were called for by the
pleadings as they stood before the amendment, and
was simply and purely as to a mere matter of form
that could have no possible effect upon the substance
of the issues between the parties as then made up by
the pleadings.

The fourth and fifth assignments of error are as
follows :

" 4th. The court erred in entering judgment upon the verdict of the jury finding no assets in the hands of the defendants."

" 5th. The judgment of the court varies from the verdict of the jury."

These two assignments are predicated upon the verdict of the jury upon the plea, *plene administravit præter*, interposed by the defendants—the verdict being as follows: " We, the jury, find for the plaintiff, and assess her damage at five thousand five hundred and twenty-five dollars and thirty-three cents, and that defendants have not sufficient assets in their hands to satify the just debts of Cullen Curl, deceased." Upon this verdict, after a correction in its amount made by consent of all parties, judgment was entered in the usual form in favor of the plaintiff, and against the defendants, as surviving executors, without any notice being taken in the judgment of the special finding of the jury as to the non-possession of assets by the defendants, as such executors. Under the common law, when an executor or administrator had no assets to satisfy the debt, upon which an action was brought against him, he had to plead *plene administravit*, where he had no assets at all ; or *plene administravit præter*, where he had some assets, but not enough to satisfy the claim ; otherwise his failure to so plead had the effect of an admission upon his part that he had sufficient assets to satisfy the judgment when recovered ; and the judgment, in the absence of such plea, was conclusive upon him as to possession of assets,

JANUARY TERM, 1892.  297

W. D. Barnes, Ex'r., v. Andrew Scott, Adm'r.—Opinion of Court.

and in default of assets to respond thereto, he and his sureties became personally liable for such judgment. But this rule has been abrogated by our statutes, (secs. 68, 69 and 70, p. 96, McClellan's Digest,) that provide, that no security for any executor or administrator shall be charged beyond the assets of the testator or intestate, by reason of any omission or mistake in pleading, or for false pleading of such executor or administrator; and that where judgment is recovered against an executor or administrator in his representative capacity, and return is made that sufficient assets have not been found in his hands to satisfy such judgment, the judgment creditor may immediately commence and prosecute, in the name of the Governor, his action for the recovery of such judgment, or such part thereof as may remain unpaid, against such executor or administrator and his sureties, or either of them; in which action, however, the defendants can shield themselves with any plea or pleas, and can support them with any evidence that would be legally admissible in any action against executors or administrator, suggesting a *devastavit.* The effect of this legislation is to excerpt the question of the possession or non-possession of assets by the executor or administrator, as an issue, out of suits brought by creditors simply to reduce their claims to judgments; that issue, by this legislation, being postponed to another suit on the judgment recovered, in which the issue of assets or no assets is directly and chiefly made. The failure of the executor or administrator to plead *plene administravit,* or *plene administravit præter,* in the suit brought primarily

to reduce the creditor's claim to judgment, does not, under this legislation, have the effect of rendering the judgment, when recovered, conclusive upon him as to his possession of assets sufficient to satisfy the same. Except, therefore, in suits brought directly to test the existence of assets and the consequent liability of the executor or administrator, we think that the office and effect of these pleas has, by this legislation, become nugatory in this State, and no longer a legitimate defense in suits brought to reduce creditor's claims to judgment.   State for use of Garrett vs. Crawford, 23 Fla., 289, 2 South. Rep., 371 ; Judy vs. Kelly, 11 Ill., 211.   This being true, the pleas interposed herein, of *plene administravit præter*, was nugatory, and the special findings of the jury thereon was likewise inoperative, was properly treated as immaterial surplusage, and there was no error in the entry of judgment in the usual form, as was done, without any notice being taken of the special finding on the plea as to assets.

Because of the error in requiring the defendant to elect between his first and second pleas and thereby depriving him of a legitimate defense, the judgment of the court below is reversed and a new trial is ordered.