A. C. RAMSEYER v. ALICE A. DATSON and CLARENCE DATSON, individually and as Executors of the Last Will and Testament of B. C. DATSON, deceased.

162 So. 904.

Opinion Filed July 8, 1935.

416

*George P. Garrett,* for Appellant;
*G. Wayne Gray,* for Appellees.

DAVIS, J.—A. C. Ramseyer was a creditor of the estate of one B. C. Datson, who died testate in Orange County, in June, 1926. Alice A. Datson and Clarence Datson qualified under his will as executors of his estate. Ramseyer, holding a claim against the Datson estate for $13,445.00, presented his claim to the Datson executors for allowance and payment. Such presentation was made within one year after Datson's death, but the claim was not filed with the County Judge of the county until June 20, 1927.

On June 10, 1926, notice to creditors had been published requiring the filing of claims against the Datson estate within one year. During the time allowed for filing claims as specified in said notice and by Florida law, the executors carried on and managed the dairy and farming business of the deceased testator and purported to take account of the deceased's debts for settlement purposes.

So it was that sometime prior to June 20, 1927, which was the date upon which the Ramseyer claim was physically filed with the County Judge, and well within a year after the qualification of the executors, such executors were given full knowledge of plaintiff's claim and not only received it and admitted its correctness as a claim against the Datson estate, but in order to evidence their acknowledgment of it, executed in favor of Ramseyer three notes dated January 7, 1927, as security for the payment of the claim so acknowledged.

Subsequent to the execution and delivery of said promissory notes and the payment of certain interest thereon, the claimant, A. C. Ramseyer, filed a petition in the County Judge's Court of Orange County, Florida, setting up his claim that the executors had acknowledged and praying that it be approved also by the County Judge as a claim duly filed.

On January 31, 1928, the County Judge entered a formal order decreeing that A. C. Ramseyer's claim be considered as legally filed and docketed and that it constitute and be a valid and subsisting claim against the Datson estate, as if filed within 12 months next succeeding the publication of the notice to creditors as aforementioned. So far as appears, the executors acquiesced in the County Judge's order just mentioned.

The claim of Ramseyer as comprehended within the order

of the County Judge entered January 31, 1928, and as previously presented to and acknowledged by the executors themselves, although not at that time filed with the County Judge as provided for by Sections 5597-5600 C. G. L., 3731 R. G. S., 4548 C. G. L., 2928 R. G. S., was for a long time after the County Judge's order aforesaid, recognized and respected by the executors who in consideration thereof incorporated reference to Ramseyer's claim in their executors' reports and in said reports apparently assumed the unquestioned rightness and validity thereof.

After all of the foregoing had transpired, the appellee-executors in their capacities as such, and also acting as individuals who had given their notes to evidence Ramseyer's claim, subsequently repudiated their personal and official actions in the premises, and in defense to the suit of Ramseyer in the court below brought against them in equity based on a suggestion of devastavit of the Datson estate, because of their refusal to settle or account with respect to the Ramseyer claim aforesaid, now dispute the validity of the County Judge's order of January 31, 1928, as well as the validity of the claim itself, on the ground that such claim was not duly sworn to and filed with the County Judge within one year from date of first publication of notice as provided by the 1925 and 1927 Florida statutes hereinafter cited.

The Circuit Judge in dismissing appellant's bill in the court below gave as his reasons for such dismissal the following:

"The conduct of the executors in said cause was not such as to take the claim of A. C. Ramseyer out of the statute, C. G. L. 5597 to 5600, inclusive. Hence the claim of A. C. Ramseyer was barred by failure of A. C. Ramseyer to file the same with the County Judge within the time fixed by

said statute. The County Judge's order purporting to validate the presentation of the claim does not affect the situation. Since the claim of A. C. Ramseyer was not presented within the time fixed by said statute, it is barred under C. G. L. 4648, and under the three-year statute, Sec. 4663."

We think the Circuit Judge erred in dismissing the bill for the reason given by him in his decree, and that he should have decided the complainant's case on its merits as developed by the pleaded issues and supporting evidence.

It has long been the declared law of this State that the actual presentation of a claim for payment to the personal representative of a deceased debtor, when not denied or contested by such representative as being a good and valid presentation of such claim against the estate, stops the operation of the general statute of limitation as well as the statute of non-claim, at least so long as the personal representative remains undischarged as such, and is still engaged in the process of liquidating the estate because it has never been finally wound up. Barnes v. Scott, 29 Fla. 285, 11 Sou. Rep. 48. So where it appears that a claim has been actually made out and presented to the personal representative of a decedent's estate, and that it was at the time thereof affirmatively accepted as a validly presented claim *by the executor himself,* the requirement of filing the same with the County Judge can be completed in due form at a later time, either by the executor's report of it to the Probate Court or by the claimant himself subsequently filing it with the approval of the County Judge given after notice to the executor and a due determination by such Judge that the claim has been within due season therefor duly presented to the executor and the form of presentation acquiesced in by him.

The provisions of Sections 5597-5600 C. G. L. (Chapter

10119, Acts 1925; Chapter 11994, Acts 1927), imposing the requirement that all claims or demands to be valid or binding upon an estate, or the executor or administrator thereof, must be duly sworn to and presented to the County Judge, have not abrogated the foregoing rule established by this Court long prior to the adoption of the terms of the new statute presenting a particular method of presentation of claims against estates generally. State Bank of Orlando & Trust Co. v. Macy, 101 Fla. 140, 133 Sou. Rep. 876.

Where a claim is denied, or not accepted or admitted as validly presented, when presented directly to the personal representative of an estate instead of being sworn to and filed with the County Judge as required by Sections 5597-5600, C. G. L., *supra,* the effect of the last mentioned statute is undoubtedly to make it obligatory that the denied or disputed claim be thereupon sworn to and filed with the County Judge in order to become valid or binding on the affected estate, or upon the executor or administrator thereof, as a predicate for the enforcement of the same by legal proceedings taken in due course thereafter.

But this Court is committed to an established doctrine that despite the apparent inflexibility of the statute requiring presentation and filing with the County Judge as a basis for validity of claims against estates and the executors or administrators thereof, that there are circumstances under which the affirmative act of an executor or administrator will operate as a legal waiver of the statutory bar of non-presentation to the County Judge. Tucker v. First Nat. Bank of Lakeland, 98 Fla. 914, 124 Sou. Rep. 464; State Bank of Orlando & Tr. Co. v. Macy, 101 Fla. 140, 133 Sou. Rep. 876; First Trust & Sav. Bank v. Henderson, 101 Fla. 1437, 136 Sou. Rep. 370; Douglas, Inc., v. McRainey, 102 Fla. 1141, 137 Sou. Rep. 157.

In Fillyau v. Laverty, 3 Fla. 72 (text 106), it was held that there should be an actual presentation within the time prescribed, *or something done equivalent to it,* but that the presentation need not be in any particular form since the object of the statutory requirement of presentation of claims against decedent's estate is to give the personal representative official notice of an intent of the claimant to stand on the enforcement of his demand.

So the true meaning and intent of our present statutes on the subject of presentation of claims against executors and administrators of estates (Sections 5597-5600 C. G. L) as a basis of liability of the affected estate therefor, was not to exalt a mere statutory matter of form into a matter of substance, to the prejudice of *bona fide* creditors holding admitted or acknowledged claims against a decedent's estate, but was to establish a lawful method for the formal filing of claims against executors and administrators that, when pursued, would be sufficient in and of itself to bind, as a matter of law, an executor or an administrator, whether he had previously had the claim presented to him or had admitted or acknowledged it as a valid one or not.

The procedure followed by the County Judge in entertaining Ramseyer's petition to make a formal record in the County Judge's office of a claim that had already been duly presented to the executors of the Datson estate within the statutory period of one year allowed for presenting claims, although not sworn to and filed in the office of the County Judge within said period of one year after the first publication of the notice provided for by Section 5597 C. G. L., *supra,* and his allowance of the prayer of such petition after the executors had been duly ruled to show cause against the granting of the prayer of such petition, and in response to the rule had in effect admitted the verity of the peti-

tioner's allegations, was correct. The Chancellor below should not have disregarded it as without legal foundation, there being no contention against the validity of the County Judge's order except the one predicated upon the idea that the statutory method of presentation laid down by Section 5600 C. G. L., *supra,* was inflexibly and mandatorily exclusive of an actual presentation of the claim in question to the executors of the Datson estate.

We think the rule of Barnes v. Scott, 29 Fla. 285, 11 Sou. Rep. 48, has not been overthrown by anything to be found in Sections 5597-5600 C. G. L., and that the application of such rule to the final decree in this case requires its reversal, with directions to reinstate appellant's bill and thereupon proceed to a determination of the controversy raised thereby on its merits, eliminating from any consideration the idea that the claim in issue has become barred by either of the statutes of limitation cited in the opinion of the Chancellor.

No showing appears to have been made that the process of administering on the estate has ever been completed, or that the estate itself has ever been wound up by the executors and a final discharge obtained by them in the manner provided by law, so there is nothing to preclude the appellant from having his claim now adjudicated in the present suit as the equities may appear.

Reversed and remanded for appropriate proceedings not inconsistent with this opinion.

WHITFIELD, C. J., and TERRELL and BUFORD, J. J., concur.

ELLIS, J., concurs in the conclusion.