HILDA J. INMAN, as Executrix of Last Will and Testament of Lillian M. Inman, deceased, and E. A. STEVENSON, as Administrator *cum testamento annexo de bonis non* of Lillian M. Inman, deceased, v. HESPER I. DAVIS, as Executrix of the Last Will and Testament of L. L. Davis, deceased.

169 So. 741.

Division B.

Opinion Filed September 21, 1936.

*George P. Garrett* and *Latimer A. Long,* for Plaintiffs in Error;

*Holland, Bevis & Hughes,* for Defendant in Error.

BUFORD, J.—The writ of error brings for review judgment in favor of defendant in a suit against the Executrix of the Last Will and Testament of a person deceased.

The suit was on a promissory note not under seal dated July 1, 1924, due July 1, 1929. The payee of the note died on May 13, 1929. The maker of the note died on November 28, 1931. Letters testamentary were issued to the Executrix of the maker on December 12, 1931.

So it is that the action was brought within five years after the due date of the note and, therefore, had the maker lived the action would have been commenced within the five year general statute of limitation, but the action was not brought within two years after letters testamentary issued to the Executrix of the maker as required by Sub-section 2 of Section 2928 R. G. S., 4648 C. G. L., which is as follows:

"ACTIONS AGAINST REPRESENTATIVES OF DECEDENTS.— If a person against whom a suit not relating to land may be brought, or judgment exists, die, such suit shall not be brought, nor proceedings taken upon such judgment, against his executor or administrator after two years from the issuance of letters testamentary or of administration. After ten years from the death of any person, his estate shall not be liable for any of his debts unless letters testamentary or of administration shall have been taken out within said ten years."

The defendant pleaded this statute of limitation. The court sustained the plea, and, on stipulation of fact, entered judgment for the defendant.

It is the contention of plaintiff in error that the period of limitation of the action is controlled by Sub-section 3 of Section 2939 R. G. S., 4663 C. G. L., and that Sub-section 2 of Section 2928 R. G. S., 4648 C. G. L., is a statute of extension and should not be construed to have application

where to apply the statute would be to shorten another otherwise applicable general statute of limitation.

This contention presents the sole question which we are called upon to determine.

Our attention is called to the fact that Paragraph 2 of Section 2928 R. G. S., 4648 C. G. L., was first found as Section 18 of Chapter 1869, Laws of 1872, and appeared in McClellan's Digest on Page 734 and that it was adopted by the Legislature and included in McClellan's Digest it read, in part, as follows:

"If a person against whom an action may be brought die before the expiration of the time limited for the commencement thereof and the cause of action survives, an action may be commenced against his Executors or Administrators after the expiration of that time and within one year after the issuing of letters testamentary or of administration."

But, when the revisors of the statutes compiling the revision of 1892 revised this particular section and placed it therein as Paragraph 2 of Section 1284, Revised Statutes, 1892, its phraseology and meaning were entirely changed and it was therein adopted as follows:

"If a person against whom a suit may be brought die, such suit shall not be brought against his executor or administrator after two years from the issuance of letters testamentary or of administration."

In the case of Sammis v. Wightmann, 31 Fla. 10, 12 Sou. 562, it was held:

"The fifteenth section of the Act, prescribing limitations in civil suits, Section 15, p. 734, McClellan's Digest, does not create an independent or substantive limitation upon any and all causes of action which may exist in favor of or against a testator or intestate at his death, and upon which the statute may have begun to run at such death. The sole purpose and effect of the stated section are to se-

cure after the grant of administration, the period of six months, to executors or administrators, and one year to those having a right of action against the testator or intestate, wherever the cause of action is alive at the death of the testator or intestate, and the statute is running on it, and the period of limitation applicable to it under some other section of the statute has expired before the issue of letters testamentary or of administration, or will expire within less than six months after such issue, when the right of action is in the decedent, or within less than one year when the right of action is against the deceased. It was intended to provide for cases in which a right of action existed in or against the deceased at his death, and the statutory period controlling resort to the courts for enforcing similar causes of action was then running, and might expire either before the grant of administration, or, after such grant, and within less than 'six months' or 'one year,' according as the cause of action may be in favor of or against a decedent.

"The general limitations of the statute do not cease to run upon the death of a testator or intestate; on the contrary, they continue to run, and if more than six months of any period applicable to a right of action existing in a testator or intestate at his death, or more than one year, where the right of action is against the deceased, remain unexpired at the time of the grant of letters testamentary or of administration, the general limitation controls, and nothing in the fifteenth section has any application or effect. Sanderson's Administrators v. Sanderson, 17 Fla. 820, reviewed."

But in that case the court was considering the statute as it appeared in McClellan's Digest and not as it was revised and adopted with the revision of statutes in 1892.

That a change in the phraseology and meaning of a statute can be accomplished by the revision is definitely settled in this jurisdiction in Mathis v. State, 31 Fla. 291, 12 Sou. 681. There this Court held:

"By the Act of 1891, Chapter 4055, the Revised Statutes mentioned therein as accompanying the same were constitutionally enacted as statute law of a general and public nature, under the title of the Revised Statutes of the State of Florida, although they were not bodily incorporated in said Act.

"The essential requirements of the Constitution, that there must be a bill with an enacting clause and a title embracing but one subject, and matter properly connected therewith, and that it must pass both branches of the Legislature in the mode prescribed for the enactment of laws, and signed by the proper officers of the Legislature; Held, Sufficiently complied with in the passage of Chapter 4055, adopting the Revised Statutes."

The statute there under consideration had been materially changed so that the revised section could not possibly be construed to have the same meaning which the original section had. Likewise, the statute which we now have under consideration cannot be construed to have the same meaning which the original statute was held to have had when construed in the Wightman case.

In Ramseyer v. Datson, 120 Fla. 414, 162 Sou. 904, we held:

"Statute which required claim against estates to be filed with county judge within statutory period of one year to be valid did not abrogate rule of court that presentation of claim to executor and acquiescence by executor in form of presentation within year of executor's appointment tolled operation of general statute of limitation and nonclaim (Comp. Gen. Laws 1927, Secs. 4648, 4663, 5597-5600)."

In the instant case, however, the agreed stipulation establishes the fact that the claim here involved was presented to the executrix within the period required, but that she denied the validity of the claim and declined to recognize it as a binding claim against the estate, and in the Ramseyer case we held:

"Court rule that presentation of claim to executor and acquiescence of executor in form of presentation tolled operation of general statute of limitation and nonclaim would not apply where claim was denied by executor, or validity of presentation was contested and claim would then be subject to statutory requirement that claim must be sworn to and filed with county judge within statutory period, in order to bind decedent's estate (Comp. Gen. Laws 1927, Secs. 5597-5600)."

In note, 100 A. L. R. 246, we find:

"Where a statute provides that, unless action is commenced on rejected claims against a decedent's estate within a limited time after rejection, they shall be barred, a claimant cannot maintain a suit on such a claim after the running of the statute."

This statement of the law is amply supported by authorities from many jurisdictions and we hold it to be applicable here.

In 11 R. C. L. 215, it is stated:

"One of the purposes of a statute of this character is to compel claimants promptly to seek enforcement of their claims when rejected in order that there may be a speedy ascertainment at least of the liabilities of the deceased. The penalty for failure to bring suit within the time designated is absolute, and it has been held that such laws not only forbid the bringing of affirmative proceedings thereafter, but from using such barred claims as set-offs in suits against the claimants."

To the same effect see 24 C. J. 725 and 776.

Under the agreed state of facts the cause of action was barred by the provisions of Paragraph 2, Section 2928 R. G. S., 4648 C. G. L., and the judgment was without error. The same should be and is now affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J. (dissenting).—The decedent involved in this case died prior to October 1, 1933, so the 1933 Probate Act (Chapter ............) is not applicable, I find nothing in the 1892 Revision of phraseology of Section 4648 C. G. L. 2928 R. G. S., to support the defendant in error's contention that a sweeping and revolutionary reversal of the meaning of the original statute, as it had been construed by the Court in Semmis v. Wightman, 31 Fla. 10, 12 Sou. Rep. 536, was contemplated by the Legislature, since repeals and amendments by implication are not favored. Therefore, I think the judgment was erroneous and should be reversed. The statute itself as it appears in the books bears the caption "Extensions in Time of Limitations" and I think such is still the expressed statutory intent when read in the light of the caption by which the Legislature itself has described its enactment.