VICTOR HUTCHINS, as County Judge in and for Orange County, v. STATE, *ex rel.* A. C. RAMSEYERK.

180 So. 48.
Division B.
Opinion Filed March 29, 1938.

*G. Wayne Gray,* for Plaintiff in Error;

*George P. Garrett,* for Defendant in Error.

PER CURIAM.—It appears from the record on this appeal that B. C. Datson died testate on Orlando, Florida, on June 5, 1926. His last will and testament was probated

in the County Judge's Court of Orange County on June 10, 1926, and letters testamentary issued out of said Court to Alice Datson, widow of the deceased, and to Clarence Datson, widow of the deceased, and to Clarence Datson, a son of the deceased.

On June 10, 1926, first notice to creditors was published requiring the filing of all claims within one year. A. C. Ramseyer, a resident of Ohio, did not formally file his claim until June 20, 1927, with the County Judge of Orange County.

The executors filed a list of the assets and liabilities of the state with the County Judge, showing a net overplus of assets over liabilities in the amount of $78,714.41.

Thereafter on April 20, 1933, the executors of the Datson estate having previously refused to recognize the claim of Ramseyer as valid, the said Ramseyer filed a suit in Chancery on his own behalf and on behalf of the other creditors of the estate. The bill charges the executors with devastavit, and the paying of other claims of the same standing as complainants and of mismanagement of the estate. There are a number of prayers of the bill seeking an accounting and settlement of the estate; and asking the court to take over the management, control and supervision and settlement of the affairs of the estate, etc. Defendants filed an answer, testimony was taken, and the chancellor entered a decree holding that the Ramseyer claim was not filed in time. An appeal was had and this court reversed the chancellor and allowed the claim to stand. Ramseyer v. Datson (1935), 120 Fla. 414, 162 So. 904. Thereafter on December 16, 1936, the chancellor entered an order allowing the claim of plaintiff to the amount of $12,271.85 and "It is further ordered, adjudged and decreed that either of the parties hereto be, and they are hereby, allowed to take further testimony as either may wish as to either or

any of the undetermined items of account, or any or all other relief herein sought."

On February 11, 1936, the executors filed in the County Judge's Court, a suggestion of insolvency showing the Datson estate to be insolvent by the sum of $50,005.04 and listing the creditors of the estate. A. C. Ramseyer did not file a claim in the insolvency proceedings. The County Judge entered his order of insolvency on the suggestion on September 1, 1936.

On October 21, 1936, the relator, A. C. Ramseyer, filed in the Circuit Court his petition for writ of prohibition and on the same day rule nisi issued, directed to the County Judge of Orange County, Victor Hutchins. The defendant judge filed his demurrer to the petition, a motion for compulsory amendment of the petition, and his motion to quash the rule nisi. The trial judge entered an order overruling the demurrer and denying the motions. Counsel stipulated with reference to the contents of the petition and rule, and the peremptory writ of prohibition issued. The County Judge thence appealed to this Court and assigned five errors predicated on these rulings of the trial judge.

The primary question to be answered is whether the Circuit Court has assumed jurisdiction over the estate of B. C. Datson to such an extent as to entitle that court to issue a writ of prohibition to prevent the County Judge's Court from settling the estate under insolvency proceedings.

In the early case of Ritch & Co., et al., v. Bellamy, Adm'r, et al., 14 Fla. 537, text 542, Mr. Justice WESTCOTT in discussing the jurisdiction of the County Judge's Court and the Circuit Court in the administration of estates said:

"Upon an examination of the constitutional grant of jurisdiction to the county court in the matter of the settlement of estates, it will be found that its authority is confined to surrogate or probate powers, and that it expressly

provides that in no case shall it have jurisdiction where the jurisdiction will conflict with that of the several courts of record. The circuit court, having been previously invested with full original chancery jurisdiction, it is clear that the county court cannot exercise any chancery power, unless the power is of such a nature that it may be called as well a probate or surrogate power as a chancery power. Wherever, therefore, a surrogate or probate power is at the same time a chancery power, there is unquestionably concurrent jurisdiction in the two courts, and wherever it is a purely chancery power, as contradistinguished from a surrogate or probate power, then the jurisdiction becomes exclusive. When we recollect that the settlement of estates is the fruitful source of accident, mistake, trust and fraud, and that the jurisdiction of the county court in this matter is for the most part limited to powers granted by statute, it must be clear that as a general proposition a court of equity cannot be limited in its jurisdiction, or prevented from its exercise in such matters, simply because an administrator has qualified and is in process of settlement of the estate in the county court. An account having been presented to an administrator and filed in the county court by a creditor, it certainly could not be insisted that such creditor could not bring a creditor's bill for that reason, nor could it be insisted that this creditor, in case the debt was disputed, could not bring his action at law against the administrator. It must be conceded, however, that in the absence of special equities, the county and circuit courts have concurrent jurisdiction in the matter of the settlement of administrations, and that in such cases the tribunal which first takes cognizance of the matter in controversy will retain it to the exclusion of the other, unless for some special reason it is made to appear that the probate court

cannot administer adequate and complete relief between the parties (cases cited)."

"In this complaint creditors seek to surcharge and falsify the accounts of the administrator. They charge him with delinquencies and seek to recover for alleged waste and conversion of assets. These are unquestionably the proper subject matter of equity jurisdiction (cases cited)."

Although the above quoted case does not involve the writ of prohibition nor are the facts identical with those in the case at bar but the doctrine announced by Mr. Justice WESTCOTT appears to be sound and applicable somewhat to the case at bar.

It appears that the Circuit Court took over the settlement of the estate, at least temporarily, when it entertained the bill of complainant Ramseyer which prayed for an accounting and settlement of the estate, and asking the court to take over the management, control, supervision and settlement of the estate and which sought to have the executors ousted and proved them guilty of devastavit and mismanagement.

The proceedings in the County Judge's Court would have ousted the Circuit Court of his assumed jurisdiction and would have settled the estate through insolvency proceedings and thus rendered the decrees of the Circuit Court a nullity, had not the writ of prohibition been entertained. The Circuit Court, having taken jurisdiction over the administration of the estate, through the chancery bill and the proceedings thereunder, it appears that if the executors had wished to file a suggestion of insolvency they should have properly done so in the Circuit Court by the authority of Section 5653 C. G. L. Then both proceedings could have been passed upon by the same court and justice done to all concerned.

We have considered all the questions and arguments raised by counsel in their briefs and we do not find that the court below erred in issuing the writ. It does not appear that the executors were prejudiced by any technical errors that might appear in the issuance of the writ.

The lower court will therefore be affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.