WILLIAM FREMD, AS ADMINISTRATOR OF THE ESTATE OF DAVID THOMAS, DECEASED, *Appellant,* v. A. Y. W. HOGG AND BENJAMIN HOGG, AS EXECUTORS AND ADMINISTRATORS, ETC., OF ANNIE K. HOGG, DECEASED, *Appellees.*

Opinion Filed November 24, 1914.

A mortgage by an intestate not presented to the administrator within the statute of non-claim, is barred in the absence of payment of interest or other act of estoppel.

Appeal from the Circuit Court of Palm Beach County; Jas. W. Perkins, Judge.

Order reversed.

*H. L. Bussey,* for Appellant;

*F. L. Hemming,* for Appellee.

COCKRELL, J.—A bill to enforce a mortgage lien was filed in March, 1914, by the personal representative of Annie K. Bogg, deceased, against the heirs and administrator of the estate of David Thomas, deceased. The heirs did not defend and decree *pro confesso* was entered against them. The administrator pleaded the statute of non-claim and appealed from an order overruling this plea.

It is admitted that the plea should have been sustained if the decision by this court in Bush v. Adams, 22 Fla. 177, is still the law of this State. We there ruled that "when by law lands are assets of an estate and the mortgagor dies without having disposed of the parcel mortgaged, and it is a part of his estate, the statute of non-

claim, as usually framed, is as applicable in its requirements to the preservation of the lien of the mortgage against the parcel of land as it is to the preservation of the claim against the general assets in case the mortgage security would prove inadequate,  *   *   *.  The statute applies to all 'debts and demands of whatever nature against the estate or any testator or intestate,' and the notice is to all 'creditors,' &c.  The fact that a particular portion of the land of the decedents estate has been pledged by him in his life to the payment of a debt or demand has not been made an exception upon the requirements of the statute as to presentation.  *   *   *   If it applies to judgments which are a lien upon all the real estate, as it does (citing authorities) we cannot see why it should not hold as to a lien upon a part of the land. The policy of the legislature requires action upon the part of the creditor to preserve his claim."

It may be observed that by statute, a mortgage is both at law and in equity, a mere lien and passes neither title nor possession.

It is argued, however, that this decision is at variance with the majority of holdings of the courts of the various States, and that there has been such a change in the statute since that decision, as to require or at least justify us in going over with that majority.

. Prior to the adoption of the Revised Statutes of 1892, it was the law of this State that the administrator became as such entitled to the possession of the real estate of the intestate, and was the necessary party defendant in suits for the enforcement of mortgage liens, and further that he could in his own name maintain ejectment. By Section 1917 of that Revision it was enacted: "Real estate shall be liable for the debts of a decedent, but shall descend to the heir or devisee of such decedent, and re-

main in his possession until the executor or adminis-
trator shall take possession of or sell the same, under
the order of the court, for the payment of debts, or until
the same shall be sold under execution by any creditor
of the decedent."

Real estate of a decedent, however, continued to be
equally liable with personal property to levy and sale
under an execution upon any judgment against the
estate, in other words an "asset" of the estate, as it was
at the time Bush v. Adams was decided. The material
change is that a court order is necessary to place the
personal representative in the possession of the realty,
and therefore until that is done, the heirs or devisees are
the necessary parties in actions or suits dependent upon
possession and legal title. The salient feature of the
Bush v. Adams decision that a mortgage is a debt or
demand against the estate within the non-claim statute,
is not affected by the later statute.

The bill in this case shows that the mortgage was given
in 1898, payable three years after date, and that no in-
terest had been paid thereon, or any part of the principal
debt; that the mortgagor died in 1906; that Fremd was
appointed administrator in 1907, and had never been dis-
charged. There is no suggestion of estoppel by the heirs
in payment of interest or otherwise keeping the lien alive,
and the plea shows that no presentation was made and
that the lands embraced in the mortgage are necessary
to the payment of the debts of the estate, other than this
mortgage claim.

In the language of Bush v. Adams, the failure to pre-
sent the claim does not merely postpone its payment to
those claims presented, but it virtually destroys it and
operates *pro tanto* to the advantage of the beneficiaries
of the estate.

The plea presented a defense to the suit and should have been sustained.

Order reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.