MARY SCOTT MILLER, AS ADMINISTRATRIX, *et al., Appellants,* v. MARTHA W. CROSBY, *Appellee.*

Opinion Filed November 24, 1914.

The payment of interest upon a mortgage executed by a decedent may in effect dispense with, or assume a presentation of the mortgage claim within the statutory period, when suit is brought against the heirs and personal representatives of the decedent to enforce the mortgage lien.

Appeal from Circuit Court for Putnam County; Jas. T. Willis, Judge.

Order affirmed.

*Hilburn & Merryday,* for Appellants;

*E. E. Haskell,* for Appellee.

WHITFIELD, J.—This appeal is from an order overruling a demurrer to a bill of complaint brought against the administratrix and the heirs of the mortgagor to enforce a mortgage lien upon real estate executed in 1890 to secure the payment of a five year note. The bill filed August 6th, 1912, shows that the mortgagee died intestate prior to July 10, 1894; and alleges that no administration was had upon his estate; that he had no debts and that his heirs made division of his entire estate amicably among themselves making administration unnecessary; that the complainant became and is the owner of the note and mortgage by assignment. The grounds of the demurrer are that the complainant is not entitled to maintain the suit and that the suit is barred by the statute of limitations.

It appears from the bill of complaint that the mortgagee died more than ten years before this suit was brought and that no letters of administration on his estate were taken out, which under Section 1715, General Statutes of 1906, bars all his creditors, and this proceeding is in equity to enforce a specific mortgage lien upon lands. Under these circumstances the rule for the benefit of creditors announced in Bradley v. Raulerson, 66 Fla. 601, 64 South. Rep. 237, requiring a particular showing to enable an heir to maintain an action at law

on a note given to a decedent, is not applicable here. The bill of complaint alleges an assignment of the mortgage to the complainant from one to whom it had been assigned by the heirs of the mortgagee, and as all creditors of the mortgagee's estate are barred by statute after the lapse of ten years from the death of the mortgagee when no letters of administrator on his estate had been taken out, the allegations are sufficient as against the demurrer to authorize the complainant to maintain this suit to enforce the mortgage lien.

The note is made a part of the bill of complaint and endorsements thereon show that payments were made on the mortgage indebtedness in 1891, 1892, 1893, 1894, 1895, 1899, 1904, 1907, 1909 and on October 8, 1910. The administrator of the mortgagor's estate qualified March 16, 1907. Even if the mortgage here is a debt or demand against the mortgagor's estate which is by statute barred after two years from the first publication by the administrator of statutory notice to creditors, if not presented to the administrator within that time, the payments of the mortgage debt in the years 1907, 1909 and 1910 show a presentation of the mortgage claim within the statutory period that is sufficient at least 'for the purposes of an adjudication on the demurrer to the bill. This suit is against the heirs as well as the administratrix, therefore Section 1715 Par. 2 Gen. Stats. 1906, does not control even if the suit is not one "relating to land." See Fremd, Admr., v. Hogg, this day decided.

The order appealed from is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.