McKENDREE TUCKER, as Executor, et al., *Appellants*, v. FIRST NATIONAL BANK OF LAKELAND, a Corporation, *Appellee*.

Division B.

Opinion filed November 18, 1929.

*H. E. Oxford,* Lakeland, Fla., for Appellants;

*Bryant & Trantham,* Lakeland, Fla., for Appellee.

WHITFIELD, P. J.—In proceedings to enforce a mortgage lien upon real estate, brought by the assignee of the mortgagee against the executor, the widow and the heirs of Eppes Tucker, Sr., the mortgagor, who died May 1, 1926, it is alleged in an amended bill of complaint that "notice to creditors was filed on May 7, 1926, requiring creditors to present such claims as they had against the estate of Eppes Tucker, Sr., deceased, on or before one year from that date, and your orator avers that its note and mortgage was not due until October 30th, 1927, and that it did not file a proof of claim of its note and mortgage aforesaid, but on November 26, 1926, McKendree Tucker, executor of the last will and testament of Eppes Tucker, Sr., deceased, paid interest in the amount of $484.80 upon the note and mortgage herein set out, and your orator shows unto your honors that said interest was paid by the said executor to your orator during the time in which the proof of claims should have been filed, and thereupon your orator avers that the said executor, or any of the other defendants in this suit, are estopped from pleading the statute of limitations by reason of the proof of claim of your orator's note and mortgage not having been filed in the administration of the estate of Eppes Tucker, Sr., deceased."

A plea avers that the assignee of the mortgagee, "The First National Bank, did not file nor has it yet filed; did not present nor has it yet presented, to the county judge, at his office in the court house of Polk County, Florida, in accordance with the law, any claim or demand against the estate of Eppes Tucker, Sr., or against the executor of said estate, based on said indebtedness now sought to be collected in this suit and said mortgage is barred under the statutes and cannot now be foreclosed. That more than twelve months elapsed, prior to the filing of this suit, since the publication of said notice, as provided by law, and said claim is now barred by the Statute of Limitations respecting said claim against said estate."

The court overruled the plea, and upon further proceedings a final decree was rendered in favor of the complainant, the court finding "that on October 30, 1925, Eppes Tucker, Sr., mortgaged the property involved in this litigation to Lonnie C. Black and wife for $12,120.00, evidenced by two promissory notes of $6,060.00 each, payable on or before one and two years after date, respectively, and bearing 8% interest per annum, payable annually from date until paid. The first note was paid, and Lonnie C. Black and wife assigned the second note and mortgage securing the same to the First National Bank of Lakeland, the complainant herein. Eppes Tucker, Sr., died on May 1st, 1926, leaving a will, which was duly probated in the Probate Court of Polk County, same being admitted to probate on May 7, 1926. On May 7, 1926, a Notice to Creditors was issued and the said notice published as provided by law once a week for eight consecutive weeks, notifying all persons having claims against the estate of Eppes Tucker, Sr., deceased, to present the same to the county judge at his office in the court house at Bartow, Polk County, Florida, within twelve months from the

time of the first publication of said notice. The First National Bank did not file its proof of claim during the twelve months within which its proof of claim should have been filed, but during the said twelve months, to-wit: on November 26, 1926, McKendree Tucker, the duly qualified executor of the last will and testament of Eppes Tucker, Sr., deceased, paid interest in the amount of $484.80 upon the note and mortgage held by the First National Bank of Lakeland. There is no dispute as to the facts in this case, and the only point argued before the court was whether or not the payment of interest by the executor of the last will and testament of Eppes Tucker, Sr., deceased, during the twelve months in which proof of claim should have been filed, was sufficient to keep the lien of complainant's mortgage and note alive.''

Defendants appealed, and assign as errors the overruling of the plea and the consequent entry of final decree for the complainants. Secs. 3732 and 3739, Rev. Gen. Stats. 1920, are as follows: ''Executors and administrators on taking out letters testamentary or letters of administration, shall cause an advertisement to be published once a week for the space of eight weeks in some newspaper printed in the county wherein said letters testamentary or of administration shall have been granted, calling upon creditors, legatees, distributees and all persons having claims or demands against the estate to present them within two years. Upon the expiration of said advertisement proof of the publication thereof as aforesaid shall be filed with the county judge and recorded by him.''

''All debts and demands of whatsoever nature against the estate of any testator or intestate which shall not be presented to the executor or administrator within the said two years after the first publication of the notice provided for by Section 3732, shall forever afterward be barred; saving,

however, to infants, persons of unsound mind, imprisoned, or beyond the limits of the United States, in the military and naval services thereof during war, the same term of two years after their respective disabilities shall be removed. This section shall not apply to legatees, distributees or heirs-at-law.'' See Section 5611, Comp. Gen. Laws 1927. The following statute, approved June 4, 1925, was in force at the death of the testator:

''Section 1. All executors or administrators, on taking out letters testamentary or letters of administration, shall cause a notice to be published once a week for eight consecutive weeks, in a newspaper published in the county wherein said letters testamentary or of administration shall have been granted, notifying creditors, legatees, distributees and all persons having claims or demands against the estate of a decedent, to present the same to the county judge at his office in the court house of such county, within twelve months from the time of the first publication of said notice. Upon the completion of the publication of said notice, proof of publication thereof shall be filed with and recorded by the county judge. All claims or demands presented to the county judge shall be duly filed and docketed by him.

''Sec. 2. No claims or demands shall be valid or binding upon an estate, or the executor or administrator thereof, unless the same shall be duly sworn to and presented to the county judge of the county granting letters testamentary or of administration on an estate, at his office in the court house of said county; and any claims or demands not so presented within twelve months from the time of the first publication of the notice provided for in Section 1 hereof, shall be barred by limitation.'' Chapter 10119, Acts 1925.

After the death of the testator on May 1, 1926, the following statute, approved June 4, 1927, was enacted, amending Section 2, Chapter 10119, Acts of 1925, viz: ''No

claims or demands shall be valid or binding upon an estate, or the executor or administrator thereof, unless the same shall be duly sworn to and presented to the county judge of the county granting letters testamentary or of administration on an estate, at his office in the court house of said county; and any claims or demands not so presented within twelve months from the time of the first publication of the notice provided for in Section 1 hereof, shall be barred by limitation. Provided, however, that the lien of a duly recorded mortgage of real property and the right to foreclose same shall not be impaired or affected by failure to present same as hereinabove provided, but that the limitation imposed by this Act shall merely bar the right of enforcement of personal liability against the estate of the decedent.'' Page 537, Acts 1927. Sections 5597-8, 5599-5600, Comp. Gen. Laws 1927.

In Fremd v. Hogg, 68 Fla. 331, 67 So. R. 75, it was held that ''A mortgage by an intestate not presented to the administrator within the statute of non-claims is barred in the absence of payment of interest or other act of estoppel.'' See Bush v. Adams, 22 Fla. 177; Sections 27, 30, pages 83, 84, McClellan's Digest. The above decision was made under the Act of November 20, 1828, Sections 1906, 1910, Rev. Stats. of 1892, Sections 2398, 2405, Gen. Stats. 1906, Sections 3732, 3739, Rev. Gen. Stats. 1920, Section 5611, Comp. Gen. Laws 1927. See subsequent enactments, Chapters 10119, Acts 1925, and 11994, Acts 1927, Sections 5597-5600, Comp. Gen. Laws 1927.

In Miller v. Crosby, 68 Fla. 365, 67 So. 76, it was held that ''The payment of interest upon a mortgage executed by a decedent may in effect dispense with, or assume a presentation of the mortgage claim within the statutory period, when suit is brought against the heirs and personal representatives of the decedent to enforce the mortgage lien.''

The mortgage indebtedness in this case was incurred by the decedent mortgagor in his lifetime, and a portion of the debt was unpaid at the death of the mortgagor. A payment of interest was made by the executors of the mortgagor within twelve months after notice to creditors was published as required by Sections 3732, 3739, Rev. Gen. Stats. of 1920, or by Chapter 10119, Acts 1925, Section 5597, 5599, Comp. Gen. Laws 1927. This payment by the executor of interest on the testator's mortgage debt within the time required for presentation of claims or demands against the estate of the decedent, amounted to a waiver by the executor of formal presentation of the mortgage claim to the county judge under Chapter 10119, Acts of 1925, where, as here, the mortgage lien upon real estate was shown of record, and neither the note nor the mortgage had matured for payment when the interest payment was made. See 24 C. J. 297. In Patterson v. Cobb, 4 Fla. 481, the bar of the statute of limitations "was complete at the time of the testator's death," page 487.

Affirmed.

STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.