This cause in here upon appeal from interlocutory orders of the Circuit Court of Orange County overruling (1) a demurrer of the Orlando Bank Trust Company, and (2) certain pleas of The State Bank of Orlando and Trust Company (treated in the trial court as a speaking demurrer) to the bill of complaint which had for its purpose the foreclosure of a mortgage given by A. J. Nye and Anette E. Nye to Geo. E. Macy and Margaret J. Macy. While the suit was pending, Geo. E. Macy died, and on September 4, 1928, an order was made continuing the suit in the name of complainant Margaret J. Macy, appellee here.
The bill of complaint alleges that on October 15, 1922, A. J. Nye executed a note in the sum of $3500.00 to Geo. E. Macy and Margaret J. Macy his wife, payable five years after date, with interest at the rate of 8% per annum, payable semi-annually, and that to better secure said note, a mortgage covering certain real property was on the same date executed by A. J. Nye and Annette E. Nye to Macy and wife duly recorded; that on April 13, 1926, A. J. Nye died intestate, leaving a wife, Annette E. Nye, and four children surviving him; that on April 17, 1926, letters of administration were granted to The State Bank of Orlando and Trust Company and the first notice to creditors to present claims was duly published on April 28, 1926; *Page 143 
that on May 15, 1926, complainants received a blank affidavit of claim from the administrator with a letter of instructions to execute and return to administrator; that in response thereto complainants went personally to the administrator who advised that it could not pay the mortgage at that time and that as the mortgage was not yet due, to let it remain as a lien against the property described therein until paid; that thereafter the semi-annual interest on said indebtedness was paid promptly by the administrator up to October 15, 1927, when said mortgage and note fell due; that when complainants talked with the administrator to ascertain if the note would be paid when due, the administrator suggested that the indebtedness be renewed and that it was unnecessary to execute a new mortgage as the payment of interest (which was later paid on October 18, 1927) renewed the mortgage; that on January 4, 1928, Annette J. Nye filed petition for allotment of dower in the estate of her deceased husband, whereupon commissioners were appointed and the allotment was on the same date made and duly confirmed by the county judge; that the property described in the mortgage was included in that set aside as dower to Mrs. Nye; that soon thereafter Mrs. Nye advised complainant that the mortgaged property had been allotted to her as part of her dower and that she was not in position at that time to pay said mortgage, but said she would keep the property insured and pay interest and taxes; that when the next semi-annual interest fell due on April 15, 1928, Mrs. Nye advised complainant that her attorney had instructed her not to pay interest as the estate would pay it; that complainant was thereupon advised by the trust officer of the administrator that while they had enough money on hand to pay said interest complainant would have to see the county judge; that the interest was *Page 144 
not paid and the trust officer of the administrator advised complainants that the mortgage should be foreclosed and thereupon the note and mortgage were placed in the hands of complainants' attorneys who filed suit on May 24, 1928.
The bill further alleges that on December 30, 1927, the administrator filed in the office of the county judge a suggestion of insolvency of the estate of A. J. Nye and listed the note as part of the outstanding obligations, and listed the property incumbered by the mortgage among the assets of the estate; that in March, 1928, complainants received notice from the county judge to present any claim they had against the estate of A. J. Nye and in response to said notice, complainants' claim was filed with the county judge.
The demurrers filed to the bill raised practically the same issues, which may be briefly stated as follows: That the bill of complaint fails to show complainants presented and filed their mortgage claim in the office of the county judge within twelve months from the date of the first publication of said notice, as provided by Chapter 10119 Laws of Florida, 1925, Section 1 of which requires all claims against an estate to be presented and filed in the office of the county judge within one year from date of first publication of notice to creditors. Section 2 of said act reads as follows:
 "No claims or demands shall be valid or binding upon an estate, or the executor or administrator thereof, unless the same shall be duly sworn to and presented to the County Judge of the county granting letters testamentary or of administration on an estate, at his office in the Court House of said county; and any claims or demands not so presented within twelve months from the time of the first publication of the notice provided for in Section 1 hereof, shall be barred by limitation."
It was subsequent to the above enactment that A. J. *Page 145 
Nye died (April 13, 1926) though the act had been in force only a few months before the publication of the notice to creditors.
The issues in this case raise a very delicate and important question. It is insisted by appellants that by the failure of gage claim in the office of the county judge within one year from first publication of notice, that their mortgage is barred. To so hold would in substance mean that so solemn a document as a recorded mortgage which the statute provides shall be a specific lien and valid as against limitation for 20 years, would ipso facto become extinguished and void for all time by the mere failure to present the statement to the county judge instead of the administrator as formerly. It is also alleged that complainants brought the specific matter to the personal attention of the executor and the indebtedness was recognized and interest regularly paid thereon until the due date of the principal when they were caused to extend the mortgage at the request of the defendant. Another question raised, which while it may not be controlling, is: Does a mortgage of record which does not fall due within the statutory period of one year from date of first publication of notice to creditors, constitute, within the meaning of the statute, a "clam" or "demand" requiring a sworn statement to be filed with the county constructive notice to all creditors and purchasers.
As a matter of law a mortgagee cannot effectively "demand" the payment of a mortgage or note until it becomes due so long as interest payments and other requirements are regularly met, and a mortgage does not technically become a "claim" until it ripens into a debt due.
We have a few cases construing the non-claim statute *Page 146 
effective in this State from 1828, until the above-quoted act of 1925 was enacted. A portion of Section 39 of the former act as carried forward in Section 3739 Revised General Statutes of 1920, was as follows:
 "All debts and demands of whatsoever nature against the estate of any testator or intestate which shall not be presented to the executor or administrator within the said two years after the first publication of the notice provided for by Section 3732, shall forever after ward be barred."
In the case of Fremd v. Hogg, 68 Fla. 331, 67 So. 75, Ann. Cas. 1917B, 155, it was held under the above-quoted statute that a mortgage claim was one that should be presented within the period defined by statute, and that
 "A mortgage by an intestate not presented to the administrator within the statute of non-claim is barred in the absence of payments of interest or any other act of estoppel."
The record in that case shows that the mortgage in question was given in 1998, payable three years after date and that no interest had been paid thereon nor any part of the principal, and that the mortgagor died in 1906, five years after the mortgage had become due and payable. It was therefore a subject of "demand" or "claim" as an indebtedness due during and before the statutory period for presentation of such claims, and no suggestions of estoppel as by payment of interest appeared nor was any presentation made to any one.
See the case of Miller v. Crosby, 68 Fla. 365, 67 So. 76, wherein a demurrer setting up the above statute of non-claim was interposed to a bill to foreclose a mortgage. This Court said in the case of Fillyau v. Laverty, 3 Fla. 106, that: *Page 147 
 "The presentation (of claims or demands) need not be in any particular form, but sufficient to give such notice to the executor or administrator of the existence of the debt or demand, its character and amount, as would enable him with reasonable certainty to provide for its payment. Mere knowledge on the part of the executor or administrator of the existence of the claim is not enough. The party holding the claim or demand must pursue some measures to present his demand, and not remain passive, or sleep upon his right. The bringing a suit or action at law or in equity, we would regard as equivalent to an actual presentation, and we think that a debt, though not due, is embraced within the intention of the statute. In this last point, we are sustained by the decisions in Alabama, Jones' Ex'rs. v. Lightfoot, 10 Ala. R., 26, King Barnes v. Moseley, 5 Ala. R., 610, Pinkston vs. Huie, 9 Ala., 262."
In the case of Ellison v. Allen, 8 Fla. 206, 212, this Court, in construing the old statute of non-claim, quotes from Fillyau v. Laverty, supra, as follows:
 "The spirit of the law requires only that the claimant should exercise due and proper diligence in giving notice of his demand to the representative of the estate."
In the later case of Bush v. Adams, 22 Fla. 177, it is shown that Adams gave a mortgage on certain of his real estate and that upon his death the administrator of his estate was made defendant in a suit to foreclose the mortgage. The administrator set up by way of defense that the mortgagee had not presented his mortgage claim in any manner within the time required by statute. It appeared that the mortgagee took the position that a recorded real estate mortgage against a part of decedent's lands, not being a claim or demand against the general assets of the *Page 148 
decedent but a prior recorded statutory lien against a specified piece of land, dispensed with the necessity of the mortgagee presenting his claim to the administrator. This Court held that
 "The conclusion we reach is that when by law lands are assets of an estate, and the mortgagor dies without having disposed of the parcel mortgaged, and it is a part of his estate, the statute of non-claim, as usually framed, is as applicable in its requirements to the preservation of the lien of the mortgage against the parcel of land as it is to the preservation of the claim against the general assets in case the mortgage security should prove inadequate."
In that case, there was no act, as by waiver, that could be considered equivalent to a presentation. It further held that the purpose of the statute in requiring all claims to be presented was in order that the representative of the estate may know what they are, provide promptly for their payment, and turn over the balance of the estate to the heirs, etc; and that
 "The fact that a mortgage is an instrument entitled to record, or has been actually recorded, makes no difference;"
and that
 "The policy of the Legislature requires action upon the part of the creditor to preserve his claim, and want of such action does not find a substitute in the mere knowledge, though actual, of the administrator or executor in any case." Fillyau v. Laverty, supra; Sanderson v. Sanderson, 17 Fla. 820, 852; Union Bank v. Powell's Heirs, 3 Fla. 175, 52 Am. Dec. 367; May v. Vann, 15 Fla. 553; Gibson v. Mitchell, 16 Fla. 519; Ellison v. Allen, supra. *Page 149 
The main features of difference between the non-claim statute of 1828 in force prior to the act of 1925 are that the latter act shortens the period within which claims should be presented from two to one year and requires all claims or demands to be sworn to and presented to be "filed" with the county judge, whereas by the former act the claims or demands were required to be "presented" to the "representative" of the estate within "two" years. The question arises; What was the purpose and intent of having the statute provide for filing the claims in the office of the county judge instead of "presenting" them to the administrator? Was it the purpose of the Legislature to make it more convenient for claimants to evidence their claims in a more orderly way at a permanent place, so that the administrator and other interested parties could avail themselves of the convenience of such files at all times, also to assist the administrator in his administration and thus expedite the winding up of an estate, even though it may void all claims not made under oath and filed in the county judge's office within the year, regardless of any misapprehension of the statute, waiver or misdirection of the administrator.
Since the appeal was perfected in the instant case on November 17, 1928, this court has had occasion to interpret Chapter 10119 Acts of 1925, in applying its provisions to the case of Tucker v. First National Bank, 98 Fla. 914,124 So. 464, in which the facts and issues were very similar. As in the instant case, it was a proceeding to enforce a mortgage lien upon real estate against the executor, the widow and the heirs, of Epps Tucker, Sr. The mortgage was executed on October 30, 1925, by Tucker who died May 1, 1926, and a notice to creditors was issued May 7, 1926, and published for eight consecutive weeks, notifying *Page 150 
all persons having claims against deceased "to present them to the county judge at his office within twelve months." The first note of $6060.00 was paid with interest on October 30, 1926. The First National Bank, the assignee of the mortgage, did not file its proof of claim during the twelve months. The executor paid the $484.80 interest on the remaining note on November 26, 1926. The question presented and decided was: whether or not the payment of interest by the executor during the twelve months in which the proof of claim should have been filed, was sufficient to keep the lien of the mortgage and note alive.
The dates and facts constituting the basis of the above suit arose while the act of 1925 was in force, and this Court held that
 "This payment by the executor of interest on the testator's mortgage debt within the time required for presentation of claims or demands against the estate of deceased amounted to a waiver by the executor of formal presentation of the mortgage claim to the county judge under Chapter 10119 Acts of 1925, where, as here, the mortgage lien upon real estate was shown of record, and neither the notes nor the mortgage had matured for payment when the interest payment was made." See 24 C. J. 297; Miller v. Crosby, 68 Fla. 365, 67 So. 76; Fremd v. Hogg, supra; Bush v. Adams, supra; Anderson vs. Agnew, 38 Fla. 30, 20 So. 766.
After the death of the mortgagor in the above case of Tucker v. First National Bank, and after the death on April 13, 1926, of the mortgagor in the instant case, and before either became due, the following statute which became effective June 4, 1927, was enacted, amending Section 2 of the Act of 1925, which now reads substantially as before except for the addition of the following proviso: *Page 151 
 "Provided, however, that the lien of a duly recorded mortgage of real property and the right to foreclose same shall not be impaired or affected by failure to present same as hereinabove provided but that the limitation imposed by this Act shall merely bar the right of enforcement of personal liability against the estate of the decedent." Sec. 5599, 5600, Compiled General Laws of Florida, 1927.
Whether it was the intent or not, the above proviso makes it quite clear that under the statute (Section 4663, Compiled General Laws of Florida, 1927) providing a limitation of twenty years for bringing suits upon instruments under seal, instruments such as mortgages, are exempt from the provisions of the non-claim statute which merely designates "claims or demands" and makes no mention of mortgages of record which (perhaps) was never intended to be included. Jordan v. Sayre,24 Fla. 1, 3 So. 329. This limitation is not affected by the fact that the note which the mortgage secures is barred by the lapse of a shorter period. Jordan v. Sayre, supra; Browne et al. v. Browne, 17 Fla. 607.
Section 33 of Article III, Florida Constitution, provides that:
 "No statute shall be passed lessening the time within which a civil cause of action may be commenced on any cause of action existing at the time of its passage."
If we must hold in this case, as was done in the case of Bush v. Adams, supra, that a recorded mortgage under the act of 1925 was a "demand" or "claim" though not due until after the expiration of the statute, then we might for like reasons hold that the act of 1925 would be ineffective as to the Macy Mortgage because the said "claim" or "demand" furnishing the basis of the cause of action *Page 152 existed at the time the act was passed, though it was not then due.
In the case of Baugher v. Boley, 63 Fla. 75, 87, 54 So. 980, it was held that:
 "Section 33 of Article III, of the Constitution forbids the Legislature to lessen the time within which a civil action may be commenced on an existing cause of action to recover land."
It might be here observed that if we should hold that the recorded mortgage claim is void in this case because it was not filed with the county judge within one year, it would have the effect of nullifying a statute, which fixes the limitation for bringing suit on such instruments at twenty years by interpreting another statute making no reference to instruments under seal, but designating all debts as "demands" or "claims".
Another circumstance enters naturally into cases of this nature and that is as to what legal effect must be accorded the conduct of an administrator or executor in causing the failure of a claimant to file claims against the estate within the time allowed by the statute of non-claim. There is authority for the rule that a personal representative of an estate under the statutes of some of the States cannot waive or suspend the administration statute of limitations. See State ex rel. Scherber v. Probate Court, 145 Minn. 344, 177 N.W. 354, 11 A. L. R. 242, and notes. In the annotations, page 247, 11 A. L. R., it is stated that the above case is the authority for the proposition that, in the absence of statutory exceptions, even fraudulent misrepresentations upon the part of the representative do not excuse a failure to file a claim within the statutory period. In this case the court assumed constructive fraud, in that the administrator received the claim and assured the claimant that she *Page 153 
had done all that was necessary, but ruled broadly that by no act of a personal representative, even though it prevented a claimant filing his claim, can the bar of a Statute of Nonclaim be lifted or waived. It is also there stated that in some of the states a more liberal rule obtains, generally due to statutes. This Court has of course taken the more liberal view as may be noted in the case of Tucker v. First National Bank, supra.
In this connection, it has been already observed that Mrs. Nye, after taking dower in the piece of property covered by the mortgage here in question personally agreed to pay interest, etc. Thus by her acts she may have waived her right to disclaim the mortgage debt, even though it had not already been waived by the payment of interest during the statutory period of one year's limitation.
While ignorance of the law does not excuse even laymen, it is shown that the statute in force at the time the mortgage in question was given was repealed by the act of 1925 (effective June 4, 1925) only a few months prior to the first publication of notice on April 28, 1926, and as a matter of general knowledge acts are often not published for six months after passage. The fact that the administrator requested complainants to make formal claim to him on blanks furnished indicates that he very likely did not know of the existence of the act of 1925, requiring the filing of claims with the county judge.
It may be well to state here that administrators are still the direct representatives of estates in full charge of all property and must make settlements of all debts owing to and owned by the estate and make returns annually to the county judge and they are proper parties to all suits for or against the estate of deceased, and that under our statutes *Page 154 
the county judge passes on their acts and recommendations only after claims have been submitted to them. The act of 1925 did not undertake to limit the powers, duties and responsibilities of executors or administrators.
It would appear that the appellant-administrator is estopped by its own conduct to set up the statute of non-claim under the circumstances of this case, and that the rights of the other appellant, Orlando Bank and Trust Company, are adjudicated accordingly.
It was said of the former statute of nonclaim in the case of Ellison v. Allen, supra,
 "The law was made to subserve the cause of right and justice by facilitating the speedy settlement of estates and by preventing the enforcement of stale demands. It never was intended to be made the engine of oppression, or to work hardship or injury to anyone. To interpret it according to its strict letter would be to give it an operation harsh in the extreme, and * * * it might be made to defeat the most righteous and equitable demands."
The same rule of course must apply to the provisions of the act of 1925.
Finding no error, the orders of the trial court are affirmed.