RAY H. ADAMS, ALFRED D. ADAMS, et al., as Executors of the Last Will and Testament of Joseph H. Adams, Deceased, v. THE HACKENSACK TRUST COMPANY, as Trustee for Anna E. Ely.

20 So. (2nd) 392                                            January Term, 1945
May 29, 1945                                                      Division A

*Walsh & Ellis* and *Alfred E. Sapp,* for appellants.

*C. C. Youmans,* for appellee.

BUFORD, J.:

On February 27, 1942, appellee exhibited its bill of complaint in the circuit court seeking a decree requiring the executor under the will of Joseph H. Adams to pay a claim held by plaintiff as trustee for one Anna E. Ely.

Motion to dismiss was denied, the court saying in its order:

"The bill of complaint reflects that Joseph H. Adams in his lifetime was indebted to plaintiff on a certain bond in the sum of $7600.00 with interest thereon at 5% per annum from October 9, 1940, and he often acknowledged said indebtedness as just and owing. Joseph H. Adams departed this life February 8, 1941, and defendants became the executors of his estate. The bill of complaint also reflects that Thomas L. Zimmerman, Jr., of 551 Fifth Avenue, New York City, New York, attorney for the defendants, and the defendants from time to time subsequent to May 9, 1941, acknowledged said claim as valid against said estate and that due proof of the same had been made to them; and now in the motion to dismiss defendants allege that plaintiff's claim was not filed in the office of the County Judge of Dade County, Florida, within eight months from the time of the first publication of notice to creditors as required by Section 120, Chapter 16,103, Laws of Florida 1933, (See also Redfearn, Wills and Administration of Estates in Florida, 586) and therefore is invalid.

"The matters alleged in the bill of complaint show that defendants and their attorney mentioned have lulled and convinced the plaintiff that no further action was necessary to insure the collection of said claim from the estate of Joseph H. Adams, deceased, and thereby they have waived for said estate the necessity of said claim being filed as required by the authority mentioned, and they are estopped from interposing said limitation statute as a barrier against plaintiff's claim. The law will not permit litigants to blow hot and cold in a transaction (approbate and reprobate over the same matter) for selfish ends and to their profit. The limitation statute mentioned was intended to operate as a beneficient and defensive shield and not to operate as a sword to cut off and deprive claimants of their just claims. The object sought by the bill of complaint is to speed the collection of the alleged claim." Answer was then filed and testimony taken and, after hearing, findings were made and decree entered from which this appeal was perfected.

We think of no more clear and concise manner in which to state the pertinent facts and findings than to quote the language of the decree which says:

"That the Hackensack Trust Company is a corporation under the laws of the State of New Jersey and is the acting trustee for Anna E. Ely; that defendants are the qualified and acting executors of the last will and testament of Joseph H. Adams, deceased; that plaintiff is the owner and holder by assignment of the bond and mortgage described in the bill of complaint; that said bond and mortgage were executed by Joseph H. Adams in his lifetime; that said bond and mortgage recite the place of residence of Joseph H. Adams as 'of the Burrough of Mountain Lakes, County of Morris, State of New Jersey'; that the said Joseph H. Adams kept the interest paid up on said bond and mortgage approximately up to the date of his death which occurred on the 8th day of February 1941; that plaintiff addressed a letter to Joseph H. Adams on January 28, 1941 (Ex. P-12) calling his attention to the indebtedness due plaintiff but received no reply; that on February 19, 1941, (Ex. P-13) plaintiff directed another letter to the said Joseph H. Adams with regard to the said indebtedness but received no reply; that plaintiff knew that the said Joseph H. Adams had a home in Brooklyn, New York and after receiving no reply to the two letters written to the said Joseph H. Adams plaintiff, by its officers and agent, called the Brooklyn address of Joseph H. Adams by long distance telephone and talked with Alfred Adams, a son of Joseph H. Adams, and was informed by the said Alfred Adams that his father had died and that plaintiff should direct all inquiries with reference to his father's estate to his brother Ray Adams, whose address at that time was Post Office Box 737, Miami Beach, Florida; that in pursuance of said telephone conversation with Alfred Adams in Brooklyn, plaintiff did on March 26, 1941, direct a letter to Ray Adams, Post Office Box 737, Miami Beach, Florida, with reference to the indebtedness and made the following request:

" 'In order that our records might be kept complete, I would appreciate your furnishing me with the following information:

" '1.   Date of your father's death

" '2.   Place of death

" '3.   Where the will is probated

" '4. Names and addresses of all executors

The letter concludes as follows:

" 'Please take this matter up with the executors and arrange to forward your check for these payments in order that we might continue the mortgage in good standing.'

" (Exhibit P-14) ;  that plaintiff received no reply to said letter from Ray Adams and having later learned through Alfred Adams that Ray Adams was one of the executors of the estate of Dr. Joseph H. Adams and that the management of the estate had been entrusted largely to Ray Adams by the other executors plaintiff directed another letter to Ray Adams as executor of the estate of Joseph H. Adams on April 25, 1941 (Ex. P-15) ; that on the same date, to-wit: April 25, 1941 (Ex. P-16), plaintiff directed another letter to Ray Adams as executor, Post Office Box 737, Miami Beach, Florida, and enclosed in said letter its proof of claim, duly prepared and sworn to; that plaintiff never received any reply whatsoever from the said Ray Adams and said Ray Adams never gave plaintiff the information it requested concerning the date of his father's death, the place of death, where the will was probated and the names and address of all the executors; that plaintiff did receive a letter dated May 9, 1941 (Ex. P-17) from one Thomas L. Zimmerman, Jr., an attorney of New York City, in which the said Zimmerman said:

" 'Mr. Ray Adams has turned over to me your letter of April 25th with enclosures as therein stated.  I have been retained to look after the interests of the estate of Joseph H. Adams in New Jersey and New York.  I shall shortly stop in to see you regarding your mortgage on the Mountain Lakes property.'; that said Thomas L. Zimmerman, Jr. did go to the offices of The Hackensack Trust Company in Hackensack, New Jersey, and in person discussed the claim of plaintiff against the Adams' estate and in the conversation solicited the aid of plaintiff in finding a purchaser for the mortgaged property; that the said Zimmerman in said conversation and in subsequent conversations over the telephone assured plaintiff that the proceeds of any sale of the mortgaged property would be allowed as a credit on plaintiff's claim and that

the estate would take care of whatever balance there might be after such credit was allowed; that the said Zimmerman admitted to plaintiff in the offices of plaintiff that he had received the proof of claim from Ray Adams; and in the subsequent telephone conversations between the officers of plaintiff and the said Zimmerman plaintiff was assured by the said Zimmerman that the estate would take care of the balance of plaintiff's claim; that the residence of Joseph H. Adams being recited in the mortgage as Mountain Lakes, Morris County, New Jersey, and Ray Adams having sent the proof of claim to Attorney Zimmerman in New York, who stated to plaintiff that he was handling the affairs of the estate in New York and New Jersey, and plaintiff knowing that the deceased had a home in New Jersey and also one in New York and having learned that Joseph H. Adams died at his Brooklyn home, plaintiff was justified in concluding that the estate was being administered in one or the other of those states; that the proof of claim prepared and executed by plaintiff and sent to Ray Adams, one of the executors, who in turn sent the proof of claim to Attorney Zimmerman in New York, was duly prepared, executed and filed in accordance with the laws of the State of New Jersey as well as the laws of the State of New York; that in the States of New Jersey and New York claims are required to be filed with the legal representative of the estate; that from the course of dealing between plaintiff and defendants and the said Attorney Zimmerman plaintiff believed that its claim was duly and properly filed and would be paid in due course of administration of the estate and that no further action by plaintiff was necessary to collect its claim; that plaintiff was lulled into a sense of security and belief by defendants and their attorney, Zimmerman, that the proof of claim was properly filed and that the claim would be paid and that no further action by plaintiff was necessary to insure collection and plaintiff was led by defendants to continue in this sense of security and belief until sometime in November of 1941; that during the month of November, 1941, the said Zimmerman informed plaintiff that it had better communicate directly with William Walsh of the firm of Walsh & Ellis, attorneys in Miami, Florida, with

reference to its said claim; that plaintiff did immediately, through its attorney, write to William Walsh, attorney of Miami, Florida, stating that the letter was written at the suggestion of Thomas L. Zimmerman, Jr., attorney of New York, and stated in said letter which is dated November 24, 1941 (Ex. P-19), that plaintiff had been informed that its claim would be paid by the executors; that the said William Walsh replied by letter dated November 29, 1941 (Ex. P-20) in which he stated that the will was probated in the office of the County Judge for Dade County, Florida, and that the time for filing claims expired on November 1, 1941, and that the claim of plaintiff had not been filed with the county judge and was therefore barred; that said letter from William Walsh and the conversation between plaintiff's attorney Wurts and Attorney Zimmerman on November 24, 1941, constituted the first information that plaintiff had received to the effect that the will was probated in Dade County, Florida, and that its claim had not been properly filed; that Attorney Zimmerman had assured plaintiff that he had authority to take care of matters pertaining to the estate in New Jersey and New York and had assured plaintiff that its claim would be paid and continued this assurance up to November, 1941, when the time for filing claims in Dade County, Florida, had expired and then the said Zimmerman told plaintiff it would have to take the matter of its claim up with William Walsh, attorney of Miami, Florida; that Attorney William Walsh in his letter to plaintiff's Attorney Wurts stated that the said Zimmerman had authority to deal with plaintiff with reference to its claim; that plaintiff, not being able to determine with whom it should deal, began immediately to have its claim filed in the County Judge's office for Dade County, Florida, and immediately communicated with counsel in Miami, Florida, and plaintiff did as quickly as was possible under the circumstances file its claim with the County Judge of Dade County, Florida; plaintiff made diligent inquiry to learn the place of probate of said will for the purpose of filing its claim and made special inquiry of Ray Adams, one of the executors, who had been entrusted by the other executors with the handling of the estate, and the said Ray Adams withheld from the plaintiff

the information which it requested; that the said Ray Adams admitted receiving the proof of claim duly sworn to and that he never rejected the same but sent it to the said Zimmerman who had been retained to look after the interests of the estate in New Jersey and New York; that neither the said attorney nor any of the executors divulged the information as to where the will was probated until after the statutory time had expired for filing the claim in the office of the County Judge for Dade County, Florida; that plaintiff's claim would have been duly filed in the office of the County Judge for Dade County, Florida, except for the withholding of said information from plaintiff by the defendants; that defendants never raised any objection to this claim until after the time for filing same in the County Judge's office for Dade County had expired and never have defendants ever stated any defense to the merits of said claim; that in view of the course of dealing between plaintiff and defendants with reference to this claim from the time of the death of Joseph H. Adams and in view of the assurances given to plaintiff by defendants that this claim would be paid and in view of the withholding by defendants from plaintiff of information as to the place of probate of the will after plaintiff specially requested such information and after deceiving plaintiff and leading plaintiff to believe that no further action was necessary on its part to collect said claim, the court would be aiding and abetting deceit, misrepresentation and fraud, should this claim be denied.

"The Court further finds that the claim of plaintiff is just, due and unpaid; that the estate of Joseph H. Adams is solvent and said estate is still in process of administration and that the executors, creditors, legatees and devisees of said estate have not been prejudiced by failure of said claim to be filed in the office of the County Judge for Dade County, Florida, within the period prescribed by law; that said claim of plaintiff was filed in the office of the County Judge of Dade County, Florida, as early as practicable after plaintiff learned the place of probate of said will; that defendants, by withholding information as to the place of probate of said will and assuring plaintiff that its claim would be paid, have waived the

statute of non-claim and are not estopped to question the failure of plaintiff to file its claim in the office of the County Judge for Dade County, Florida, within the statutory period; that plaintiff in good faith and without laches endeavored to comply with the substantial requirements of the law; that plaintiff's mortgage has been foreclosed and after applying the proceds of the sale there is still a balance due plaintiff of principal, interest, taxes and assessments of Nine Thousand Six Hundred and Five Dollars and Ninety-eight Cents ($9,605.98), together with interest thereon at the rate of five per cent (5%) per annum from the 14th day of April, 1943, to the date of this decree.

"It Is Thereupon Ordered, Adjudged and Decreed that the Court has jurisdiction of the parties to and the subject matter of this cause of action and that exceptions to special master's report filed by defendants be, and the same are hereby denied and that the report of the special master in this cause be, and the same is hereby, approved and confirmed.

"It Is Further Ordered, Adjudged and Decreed by the Court that the claim of plaintiff against defendant is a valid and subsisting claim and in full force and effect and that the claim of plaintiff is just, due and unpaid and that there is due plaintiff, The Hackensack Trust Company as trustee for Anna E. Ely, from the defendants, Ray H. Adams, Alfred D. Adams, Alvah E. Davison and Charles W. Beeching as executors of the last will and testament of Joseph H. Adams, deceased, the full sum of Nine Thousand Six Hundred and Five Dollars and Ninety eight cents ($9,605.98), together with interest thereon at the rate of five per cent (5%) per annum from the 14th day of April, 1943, and that plaintiff do have and recover from the defendants the said sum of Nine Thousand Six Hundred and Five Dollars and Ninety-eight Cents ($9,605.98), together with interest thereon at the rate of five per cent (5%) per annum from the 14th day of April, 1943, and said defendants are hereby ordered and directed forthwith to pay to plaintiff the said sum hereinabove decreed from the assets of the estate of the said Joseph H. Adams, deceased."

The statute, the provisions of which are sought to be invoked here, is Sec. 733.16 Fla. Stats. 1941 (same F.S.A.)

We find in the record proof that sustains the findings and decree of the chancellor. The deceased had a home in New York, one in New Jersey and one in Florida. In the mortgage held by the plaintiff the deceased stated his residence to be in the State of New Jersey. One of the executors told the trust officer that deceased died in his (deceased) home in the State of New York but withheld any information to the effect that the will was probated in the State of Florida. This was calculated to mislead the claimant and to cause it to reasonably assume that the administration of the estate would be either in New Jersey, where the mortgage showed his residence to be, or else in the State of New York, where he died. Claimant filed its claim in such manner as to comply with the requirements in each of these states and the executors and their attorney accepted the notice of claim so filed and negotiated for settlement of same without question until after the time for filing claims in Florida under the statute, supra, had expired and thereupon sought to take refuge behind the statute.

Appellants rely on that part of the statute, supra, which reads: "Any claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise;"

We think, however, that there was in this case something more than a *recognition* of the claim by the personal representative, in that one of the executors having advised claimant that deceased died in his home in New York, he was then under the duty to advise claimant that deceased had theretofore established his residence in Florida and that the will was probated not in New York, where deceased died, and not in New Jersey, where he resided when the mortgage was executed, but in Florida. In withholding information which was contrary a logical deduction to be drawn from the information given, a fraud was committed which was calculated to mislead, and which did result in misleading, the claimant. It was the perpetration of this fraud and misconduct which opened the portals of a court of equity for the granting of the

relief sought. By so doing, the executors are barred in equity from pleading the statute. See State Bank of Orlando and Trust Co. v. Macy, 101 Fla. 140, 133 So. 876, wherein we said:

"Another circumstance enters naturally into cases of this nature and that is as to what legal effect must be accorded the conduct of an administrator or executor in causing the failure of a claimant to file claims against the estate within the time allowed by the statute of non-claim. There is authorty for the rule that a personal representative of an estate under the statutes of some of the States cannot waive or suspend the administration statute of limitations. See State ex rel. Scherber v. Probate Court, 145 Minn. 344, 177 N. W. 354, 11 A.L.R. 242, and notes. In the annotations, page 247, 11 A.L.R., it is stated that the above case is the authority for the proposition that, in the absence of statutory exceptions, even fraudulent misrepresentations upon the part of the representative do not excuse a failure to file a claim within the statutory period. In this case the court assumed constructive fraud, in that the administrator received the claim and assured the claimant that she had done all that was necessary, but ruled broadly that by no act of a personal representative, even though it prevented a claimant filing his claim, can the bar of a statute of nonclaim be lifted or waived. It is also there stated that in some of the states a more liberal rule obtains, generally due to statutes. This Court has, of course, taken the more liberal view as may be noted in the case of Tucker v. First National Bank, supra." (98 Fla. 914, 124 So. 464.) See also Ramseyer v. Datson, 120 Fla. 414, 162 So. 904, and Marshall Lodge v. Woodson, 139 Fla. 579, 190 So. 749.

So the decree is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.