132 So.2d 476 (1961)
Marion Janet DAVIS, Appellant,
v.
Neal D. EVANS, Jr., as Executor of the Estate of Anderson Woody Phillips, deceased, Appellee.
No. C-177.
District Court of Appeal of Florida. First District.
June 27, 1961.
Rehearing Denied September 14, 1961.
*478 Ralph E. Sistrunk and William T. Kaler, Jacksonville, for appellant.
Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellee.
STURGIS, Judge.
This is an appeal from a summary final judgment in a negligence action entered in favor of the defendant executor of the estate of Anderson Woody Phillips, deceased. The judgment is based on the premise that the claim is barred by the non-claim statute, F.S. § 733.16, F.S.A.
Dates are important. On February 2, 1959, a negligence action was filed in the Circuit Court of Duval County by Marion Janet Davis, plaintiff, against Anderson Willie Phillips, defendant. The real name of the defendant was Anderson Woody Phillips. He was served with process under the incorrect name. He died on March *479 23, 1959. On March 25, 1959, his attorneys of record, using the incorrect name and without inviting attention to that error or to the fact of death, caused interrogatories to be addressed to the plaintiff. On April 6, 1959, his attorneys in like manner filed an answer in his behalf containing two defenses, one denying the negligence charged and the other alleging contributory negligence on the part of the plaintiff. In like manner plaintiff's deposition de bene esse was taken as a witness for the defendant and on May 15, 1959, notice was given of the filing of said deposition in the cause. While it is not reflected by the record, counsel of record for Phillips during his lifetime, now appearing on behalf of his executor, stated on oral argument that when the post-mortem pleadings were filed in Phillips' name they did not know that he was dead. We can and do fully accept this statement as true, without doing violence to the conclusion we reach on the merits of this appeal.
The next transaction in the suit took place on December 15, 1959, when the same firm, designating themselves as "attorneys of record for the defendant," filed a "Suggestion of Death" in which for the first time defendant's proper name was stated as "Anderson Woody Phillips" and his death reported. Plaintiff promptly moved for an order substituting the appellee, Neal D. Evans, Jr., as Executor of the Estate of Anderson Woody Phillips, deceased, in the place of the deceased and pointed out therein that the party defendant named in the suit, Anderson Willie Phillips, is one and the same person as Anderson Woody Phillips. On December 28, 1959, the firm of attorneys who appeared on behalf of "Anderson Willie Phillips", now appearing in their own right, moved to quash the service on them of plaintiff's last-mentioned motion and notice of hearing thereon on the ground that they were not "attorneys of record for any party in the cause." The motion to quash service of notice on said attorneys was denied, plaintiff's motion to substitute Phillips' executor as party defendant was granted, and said defendant was allowed to file additional defenses.
On February 1, 1960, the defendant executor, by his said attorneys, filed defenses as follows: First, a motion to dismiss the complaint on the ground that it failed to state a cause of action against the executor of the estate of "Anderson Woody Phillips." Second, in bar of the action a defense to the effect that Anderson Woody Phillips died on March 23, 1959, that notice to creditors of his estate was first published on April 9, 1959, that the time for filing claims against the estate expired on December 9, 1959, and that plaintiff did not within the time allowed by law file with the appropriate court a proper and timely claim against said estate. Third, a denial of the negligence charged in the complaint. Fourth, that the plaintiff was guilty of negligence proximately contributing to the injury. Plaintiff moved to strike the first and second defenses on the ground that they failed to constitute a valid defense. An order denying that motion states that it is predicated on the authority of Toney v. Adair, Fla.App. 1960, 120 So.2d 622, and recites, inter alia:
"* * * the Court is of the opinion that the argument of counsel for the plaintiff that the personal service upon Anderson Willie Phillips, now deceased, in his life-time, and the filing of an answer on his behalf and the taking of a deposition after his death, does not alter the language of Chapter 733.16, Florida Statutes of 1957, nor distinguish this case from the Toney case, supra, and that the hardship, or even injustice, that may be inflicted on the plaintiff, falls in the same category as that found in the opinion In re Aron's Estate, Fla.App., 118 So.2d 546; * * *"
It is unnecessary to discuss this action of the trial court as no assignment of error *480 is predicated thereon. Research discloses, however, that the cases cited by the order as authority for denial of the motion did not involve any question of estoppel, as does this appeal.
The defendant executor then moved for summary judgment and supported the motion by his affidavit showing publication of notice to creditors and failure of plaintiff to file claim against the estate, as alleged by his second defense to the complaint. In resistance thereof plaintiff caused to be filed an affidavit by her attorney of record, the averments of which stand unchallenged, alleging, in substance, that plaintiff did not have knowledge of the original party defendant's death or of the fact that his correct name was Anderson Woody Phillips until December 14, 1959, the date on which the above-mentioned suggestion of death was filed (Note: This date is five days after the expiration of the time allowed under the non-claim statute for filing claims against the Phillips estate); that prior to that date plaintiff relied upon the pleadings filed on behalf of defendant "Anderson Willie Phillips" in the cause; that the defendant executor had personal knowledge of the pendency of the suit prior to decedent's death and immediately following his appointment as executor; that the defendant executor delayed the filing of the suggestion of death until after the time provided by statute for filing claim against decedent's estate had expired; and that promptly upon becoming advised of said death plaintiff took steps resulting in the defendant-appellee being substituted as the proper party defendant.
The primary point for determination is whether the pleadings, deposition, admissions, and affidavits on file in this cause present a genuine issue of material fact on the question of whether the acts of omission or commission performed on behalf of the defendant Phillips, or those of the defendant executor of his estate, estop the latter from asserting the non-claim statute in bar of this action.
The statute (F.S. § 733.16, F.S.A.) operates to bar any claim against the estate of a decedent unless notice thereof in specified form is filed in the county judge's court in which administration is pending within eight months from the date of the first publication of notice to creditors, and pendency of suit against the deceased at the time of death does not relieve the plaintiff of the necessity to file the notice. The statute also provides, in effect, that if suit on the claim is filed against and service of process had upon the personal representative of the decedent within eight months from the time of the first publication of the notice to creditors, it is unnecessary to file the notice in respect to the claim involved in the suit. In that case the personal representative is charged with the duty to file in the probate court a suggestion of the pendency of the suit. It is the general rule that unless the requirements of the statute are strictly complied with, action on the claim will be barred. However, as is so often the case when seeking to strictly apply dogma to facts, the situation here presented provides a classic example for the proverbial "exception that proves the rule."
Analysis of the non-claim statute and of the hereinafter discussed Rule 1.19 (a) (1), 1954 Florida Rules of Civil Procedure, 30 F.S.A., reflects a common purpose to provide for the prompt and efficient termination of the affairs of deceased persons and to preserve, within the limitations expressed, the rights of persons having lawful claims against the estate. There is no implication in either that it is usable as a vehicle to divest persons of their lawful claims, as distinguished from barring enforcement thereof under the conditions specified
Rule 1.19(a) (1), 1954 Florida Rules of Civil Procedure, relating to substitution of parties, provides:
"(1) If a party dies and the claim is not thereby extinguished, the court *481 within 2 years after the death may order substitution of the proper parties. If substitution is not so made, the action shall be dismissed as to the deceased party. The motion for substitution may be made by the successors or representatives of the deceased party or by any interested party and, together with the notice of hearing, shall be served on the parties as provided in Rule 1.4 and upon persons not parties in the manner provided by law."
It is obvious that this rule is primarily designed to breathe life into the action, to revitalize it as an efficient instrumentality of the law. Its secondary purpose is to bring an end to litigation. It does not, however, establish a one-way street to be trod motionwise only by the party plaintiff in order to accomplish these ends. Indeed, the emphasis, if any, is upon "the successors or representatives of the deceased" as persons who "may" make the motion to substitute the proper party. And while the rule does not cast on a party having knowledge of the death a positive duty to move that the proper party be substituted for the deceased, it clearly does not relieve a legal representative of the decedent's estate who has knowledge of the pendency of the suit, though not a party to it, from the duty, independent of the rule, to take such steps as may be necessary to prevent an adverse party in such suit from being lulled into a false sense of security as reasonably might result by the continued filing therein of pleadings which fairly raise the inference that the original party defendant, the deceased, is correctly named and remains alive. In this posture the legal representative of the decedent will not be permitted to quietly stand by without making the fact of death known to the attorneys of record for the decedent, so that they in turn might refrain from taking steps therein raising the mentioned inference which plaintiff's proofs indicate she relied on to her detriment. Such failure works an estopel under the principle embodied in the maxim, "One who is silent when he ought to speak will not be heard to speak when he ought to be silent."
Lord Coke defines an estoppel as where a man by his own acts or acceptance is concluded from saying the truth. It has been said that no more exact connotative definition, covering all the cases, can be attempted, and that it is better to leave a more general definition of the term to the gradual process of judicial inclusion and exclusion. State on Inf. of McKittrick ex rel. City of California v. Missouri Utilities Co., 339 Mo. 385, 96 S.W.2d 607, 106 A.L.R. 1169. In that well-reasoned case the essential elements of estoppel are stated as (1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon.
While estoppel often results from a verbal statement of the estopped party, the representation may also be by his acts or inaction. The term "representation" is used for convenience. It is not necessary that there should be an express statement. It is enough that a representation is implied, either from acts, silence or other conduct. From earliest cases the Florida Supreme Court has applied the doctrine of estoppel as a result of silence when common honesty and fair dealing demanded that a person estopped should have spoken. Hollingsworth v. Handcock, 1856, 7 Fla. 338; Nichols v. Bodenwein, 107 Fla. 25, 146 So. 86, rehearing denied 107 Fla. 25, 146 So. 659; United Service Corp. v. Vi-An Const. Corp., Fla., 77 So.2d 800. An estoppel which would have bound the decedent binds the personal representatives *482 of his estate. Strickland v. Peters, 5 Cir., 120 F.2d 53. And so with the heirs of a deceased person. Alexander v. Colston, Fla., 66 So.2d 673.
It is uniformly held that the highest purpose for which courts are established is to administer justice under the law, that the rules of practice are for the purpose of aiding speedy determination of causes, and that where strict enforcement of the letter of rules of practice tends to prevent or jeopardize the administration of justice, they should yield to the higher purpose. Those precepts are peculiarly applicable to the facts in this case. Assuming, as we must, that the facts alleged in the affidavit of plaintiff's attorney are true, it follows, as a matter of law and regardless of intent, that the defendant is estopped to assert the non-claim statute in bar of this action. Respectable Florida precedents support this principle.
In the early case of Ellison v. Allen, 8 Fla. 206, the defendant died after service of process had been made upon him. The plaintiff, before the expiration of the time limited by the statute for the presentation of claims, obtained an order for a scire facias to make decedent's administrator a party, which order was not entered until after the expiration of the time limited by the statute for the presentation of claims. It was held that the order thus obtained was equivalent to an actual presentation of the claim, the court stating:
"* * * the spirit of the law requires only that the claimant should exercise due and proper diligence in giving notice of his demand to the representative of the estate. It is true, that in the absence of proof that due diligence had been exercised, or where there is ground to suppose that notice of the demand had been intentionally suppressed, the court would not hesitate to enforce the bar. But where it is made manifest, as in this case, that the claimant has exercised the utmost diligence, * * * we think it would ill comport with justice and equity that he sould be barred of his just rights by too rigid an adherence to the letter of the law."
The following cases support the doctrine to the effect that despite the apparent inflexibility of the non-claim statute, requiring presentation and filing with the county judge as the basis of validity of claims against estates and the executors or administrator thereof, there are circumstances under which the affirmative act of the executor or administrator will operate to waive the statutory bar that would otherwise arise from the non-presentation of the claim to the county judge. Ramseyer v. Datson, 120 Fla. 414, 162 So. 904; Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157; First Trust & Sav. Bank v. Henderson, 101 Fla. 1437, 136 So. 370; State Bank of Orlando & Trust Co. v. Macy, 101 Fla. 140, 133 So. 876, 78 A.L.R. 1119; Tucker v. First Nat. Bank of Lakeland, 98 Fla. 914, 124 So. 464. This rule should apply with no less force to inaction the result of which is to permit affirmative action by another  in this case the attorneys of record for decedent  as a consequence of which the party having the claim is lulled into a false sense of security as to a matter of the character here involved.
Adams v. Hackensack Trust Co., 156 Fla. 20, 22 So.2d 392, is a case in which the executor advised the claimant that the deceased died in New York but did not disclose that the will was being probated in Florida until after the time for filing claims had expired. In the meantime the claimant was assured by a representative of the estate's interest in New York and New Jersey that the claim had been properly filed and would be paid. The Florida Supreme Court affirmed the trial court's finding that the executor was estopped from asserting the statute of non-claim in bar of the action.
*483 It was said in In re Jefferies' Estate, 136 Fla. 410, 181 So. 833, 837:
"The statute should be interpreted and applied so as to facilitate the settlement of estates in the interest of the public welfare, without unreasonable or unduly restricting the rights of creditors of such estates who in good faith and without laches endeavor to comply with the substantial and essential requirements of the statute in order that right and justice `shall be administered' by due course of law as commanded by section 4 of the Declaration of Rights of the Florida Constitution."
Estoppel is an affirmative defense and is waived unless specifically pleaded. Gulf Life Ins. Co. v. Ferguson, Fla. 1952, 59 So.2d 371. In that case waiver or estoppel was the major issue on which it was decided in the trial court. On appeal the Florida Supreme Court held that under subsection (d) of Rule 9, Common Law Rules, then in effect (now superseded by Rule 1.8(d), 1954 Rules of Civil Procedure, to the same effect), it was necessary for the plaintiff, who sought to meet defendant's affirmative defense by proving an estoppel, to affirmatively plead the estoppel; and it was pointed out that this was the method by which to avoid the implication of the separate rule whereby only the facts raised by the defendant's affirmative defense were denied. In that case, as in the case now on review, the plaintiff did not file or obtain leave of court to file an answer setting up estoppel in confession and avoidance of the affirmative defenses filed by the defendant. In reversing, however, the Supreme Court accorded to the plaintiff permission to amend the pleadings, and that permission should be granted in this case.
We hold that the record before the trial judge on the motion for summary judgment discloses the existence of a genuine controversy upon the material question of whether the defendant executor is estopped to assert the failure of plaintiff to comply with the non-claim statute as a bar to this action, and it was therefore error to enter the summary final judgment. The judgment appealed is reversed and this cause is remanded with directions to permit the plaintiff to plead the estoppel by way of confession and avoidance of defendant's second defense, and to otherwise proceed in accordance herewith.
Reversed and remanded.
WIGGINTON, Chief Judge, and CARROLL, DONALD K., J., concur.

On Petition for Rehearing.
PER CURIAM.
Appellee has petitioned for rehearing. We have filed and treated as part thereof the following letters addressed to the author of the opinion: (1) A letter from the appellee, Neal D. Evans, Jr., the executor of the estate of Anderson Woody Phillips, deceased, stating that seven days after Phillips died he advised Phillips' attorneys of record by letter of the death, and that by letter of July 9, 1959, said attorneys acknowledged receipt thereof. This is the same firm of attorneys that subsequently represented the executor in the trial court and on this appeal. (2) A letter from said firm of attorneys dated August 29, 1961, acknowledging that a subsequent check of its office file disclosed that the executor did so communicate by letter that was received on or about March 31 or April 1, 1959. These disclosures render inaccurate the statement of counsel on oral argument, referred to in the opinion, and which is adequately explained by the following excerpt from his mentioned letter of August 29:
"Whether or not I or anyone in my office had personal knowledge of or realized that the defendant was dead when the post-mortem pleadings were *484 filed in the second suit is beyond my recollection at this time. Suffice it to say that the file came up on a routine diary for a defensive pleading, which, no doubt, had already been dictated in accordance with the companion case filed sometime before, and which was filed as a matter of routine."
Paranthetically, the disclosures do tend to further support the conclusions we reached on the merits of this appeal.
It appears that the appellee and his counsel are somewhat apprehensive that our opinion herein may reflect upon their personal or professional integrity. We are pleased to emphatically say that the opinion is not to be so construed. It is the alleged acts and their alleged result, rather than the motives of the actors, which produced the conclusions we sought to express by our opinion.
Finding that the petition for rehearing is without merit, the same is denied.
CARROLL, DONALD, K., C.J., and STURGIS and WIGGINTON, JJ., concur.