CARROLL, CHAS., Judge.
This appeal from an order of the county judge, striking the appellants’ claim on the ground that it was not filed within the time allowed by § 733.16, Fla.Stat., F.S.A., raises a question which is described by the following statement in appellants’ brief:
“It is the contention of the appellants that the aforesaid petition for authority to continue the business, and the said order authorizing the continuance of the business, constitute acknowledgment of the claim of the appellants, waive the necessity of the filing of a formal claim under Section 733.16, Florida Statutes, and that the ancillary co-executors, and the estate, are estopped from asserting the failure to file the claim within the eight month period.”
Prior to his death, the decedent entered into a contract with the appellants on February 1, 1957, by which he engaged them to manage certain apartment premises for a period of five years, and under which their compensation was to be $750 a month for eight months, $600 for the other four months of each year, and the use of an apartment.
The record does not show the date on which the decedent died, but his will was admitted to probate in Onondaga County, New York, on September 9, 1958, and the Florida ancillary executors were appointed on September 16, 1958. The first publication of their notice to creditors was made on September 24, 1958. It appears, therefore, that the unexpired period of appellants’ five year employment contract was approximately four and one-half years at the time During died.
On October 1, 1958, the Florida executors under § 733.08, Fla.Stat., F.S.A., obtained an order authorizing the continuance of the operation of the apartment houses. As bearing on the intended period of use of appellants as managers, the following language appeared in the executors’ petition:
“That all of said properties were managed and operated by Mr. and Mrs. Hans Weilbye under an agreement dated February 1, 1957, signed by the decedent and accepted by Mr. and Mrs. Hans Weilbye, under the terms of which agreement Mr. and Mrs. Weil-bye were furnished an apartment, rent free, and were paid a joint salary of $750 per month for 8 months of the year and $600 per month for four months of the year during the term of the agreement. Under an arrangement between the decedent and the said managers all of the rentals collected were turned over to the decedent and *132 an operating fund was established by the decedent in the form of a monthly allowance for operation, which fund was deposited to a bank account held in the name of Surfside Apartment Management with the Community National Bank of Bal Harbour, out of which account the manager paid the monthly operating expenses, exclusive of taxes, mortgage payments, ground rent, etc., and that regular reports were made by the managers to Mr. During ;
“That in order to protect the equity of the decedent in said properties, it is absolutely necessary that payments be made on the mortgage indebtedness against the various properties in accordance with the terms of the respective mortgage notes, and that the rental of the properties should be continued in order to offset as much as possible the payments .required, and further that the annual ground rental for the vacant lot should be paid when due; and that they believe the management of the property should be continued under the terms of the agreement made by the decedent with Mr. and Mrs. Hans Weilbye, at least until such time as the properties have been appraised and your petitioners have had time to study the record of the management of the properties and make a more detailed report to the Court, and that the rents should be collected by the said managers and delivered to your petitioners and that the operating fund should be continued by the deposit by your petitioners of sufficient funds ea ch month to the bank account held in the name of Surfside Apartment Management with the Community National Bank, and that the manager should be authorized to pay the operating expenses from said account, and that monthly reports showing all receipts and disbursements should be filed with the Court.”
The order expressly authorized continuance of the employment of Mr. and Mrs. Weilbye as managers “in accordance with the terms of the agreement entered into by the decedent with said Mr. and Mrs. Hans L. Weilbye.” The order contained the further provision that “regular monthly reports, showing all receipts and disbursements in connection with the operation of these apartments be filed with the Court,” and concluded with this paragraph bearing on the duration which was intended for the continuance of the business:
“Ordered that this order shall remain in force and effect until such time as the operation of the business of the decedent shall come before the Court either on petition of the ancillary executors or of some other interested party or parties.”
A year and three months later, on January 8, 1960, the Weilbyes filed their claim in which it was recited that the ancillary executors had terminated appellants’ management contract on December 29, 1959. Their claim further recited: “The damages for breach of the contract is [sic] $17,-550.00. The claimants also will lose the benefit of housing under the terms of the contract to their additional damage of $5,000.00, making a total amount of damages of $22,550.00, for which sum the claimants demand payment.” The executors moved to strike the claim because not filed within eight months of the first publication of notice to creditors as required by § 733.-16 of the Florida Probate Law.[1]
*133 The ancillary executors were without power to waive the requirements of the statute with .reference to filing of the claim within the period prescribed. In re Williamson’s Estate, Fla.1957, 95 So.2d 244, 65 A.L.R.2d 1195. But appellants contend that the executors should be estopped to assert the failure to file the claim within the statutory period because they petitioned for and obtained the order to continue the operation of the apartment houses through use of the appellants as managers in accordance with the terms of the contract under which they had been employed by the decedent. In support of that contention appellants relied on the case of Adams v. Hackensack Trust Co., 1945, 156 Fla. 20, 22 So.2d 392, 396. There it was held that recognition of a claim, by the personal representative, was not enough to waive the statute, but the time limit of the statute was avoided as the result of fraudulent conduct by the personal representative toward the claimant which prevented, or tended to mislead the claimant as to the necessity for filing the claim. In the Adams case it was said:
“ * * * it was the perpetration of this fraud and misconduct which opened the portals of a court of equity for the granting of the relief sought. By so doing, the executors are barred in equity from pleading the statute. * ‡ *»
The Adams case does not support the appellants in their contention here, because as pointed out by the appellees in their brief, “As reasonable people, they {appellants] should have known that when the properties were entirely sold off the Co-Executors would have no authority to continue their employment with no duties to perform or to provide them with a place to live. Everything done by the Co-Executors in connection 'with the liquidation of the estate was open and above board and upon proper petition to and order of the County Judges’ Court.”
There is no contention in this case that the ancillary executors made any representations to the appellants other than those which were disclosed by the petition and order. When the provisions of the petition and of the order relating to continuance of the business are read together, they show that the intention was to operate the apartments for an indefinite period. They do not state or imply an intention to operate the apartments for any given period, such as the four years plus which remained under the management contract. As we read the executors’ petition it suggested a need for present continuance of the operation of the apartments at least until the executors were in a position to determine upon a future course based on the appraisals of the properties which they would receive, and from studying reports of operation. It is to be noted that monthly operational reports were required to be filed previously. The court’s order also required such reports to be filed thereafter. These were matters of record in the probate proceeding, and the appellants in their dealings with the executors were charged with notice thereof.
Not only does the record fail to disclose any action on the part of the executors which could be considered as fraudulent or misleading to the appellants, but the reasons and provisions contained in the petition and order were sufficient to apprise appellants of the likelihood that management of the apartments would be terminated and the properties sold, if and when it should be made to appear, from appraisals and from the management reports, that such course would be prefer *134 able to continued operation thereof. Particularly is that true since a probate proceeding is one for liquidation and distribution in which continuance of such businesses for a period of years is the exception. Under those circumstances the county judge was eminently correct in granting the motion to strike the claim which was tardily filed.
Affirmed.
HORTON, C. J., and PEARSON, J., concur.

. Section 733.16, Fla.Stat., F.S.A., provides in pertinent part:
“(1) No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including hut not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and postoffiee address of the *133 claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; * * * ”