### DAVIS v. EVANS, Executor.
No. 59-312-L.

Circuit Court, Duval County.
June 1, 1962.

Ralph E. Sistrunk, Jacksonville, for plaintiff.

Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for defendant.

WILLIAM H. MANESS, Circuit Judge.

This cause is now before this court after argument of counsel on the motion of plaintiff for a summary judgment on the issues made by plaintiff's reply (filed February 19, 1962 and attached to the motion for leave to file such reply) to defendant's second defense. Stated differently, defendant's second defense interposes the so-called non-claim statute and asserts that plaintiff's cause of action has been lost by plaintiff's failure to file a claim in the estate of Anderson Woody Phillips, deceased, within the time prescribed by law; to which defense plaintiff says, in effect, that by the action and conduct of the defendant - executor, said defendant is estopped to assert the defense based on the non-claim statute, relying specifically upon the opinion rendered by the First District Court of Appeal in case no. C-177, wherein the plaintiff was appellant and the defendant, appellee (see Davis v. Evans, 132 So.2d 476).

In the above mentioned case a summary judgment which had been granted by this court in defendant's favor was reversed upon a finding by the First District Court of Appeal that there did exist a genuine controversy upon the material question of whether the defendant-executor is estopped to assert the failure of the plaintiff to comply with the non-claim statute as a bar to this action. Subsequent to the return of the mandate so holding, the plaintiff filed her reply, as aforesaid, and moved for a summary judgment thereon on the theory that there is no genuine issue as to any material fact on the question of whether the defendant-executor is estopped to assert the non-claim statute as aforesaid.

Defendant's affidavit in opposition to plaintiff's motion for summary judgment as to this second defense is based upon items appearing in the Florida Times Union on Tuesday and Wednesday, March 24, and 25, 1959 relative to the death of one Anderson W. Phillips, admittedly the same person originally named as defendant herein as "Anderson Willie Phillips", and who was

identified in no other manner until the "Suggestion of Death" was filed herein by the executor of the estate of Anderson *Woody* Phillips.

In support of plaintiff's motion, counsel contends that there has been no contradiction of his affidavit filed July 8, 1960, by opposing affidavits or otherwise, and that the First District Court of Appeal did by the very language of their opinion reversing this court pass on the question of the sufficiency of the facts in said affidavit to raise an estoppel as a matter of law which would preclude defendant's right to assert the non-claim statute. The language relied upon by counsel, on page 482 of the opinion, follows — "Assuming, as we must, that the facts alleged in the affidavit of plaintiff's attorney are true, it follows, as a matter of law and regardless of intent, that the defendant is estopped to assert the non-claim statute in bar of this action. Respectable Florida precedents support this principle."

Assuming, for the purpose of this ruling that the above mentioned articles from the Florida Times Union were not sufficient to charge plaintiff or her attorney with constructive knowledge of the death of the then named defendant, and this would seem to be a jury question in and of itself, this court does not construe the above quoted language to preclude the submission of defendant's second defense to a jury in the trial of this cause under appropriate instructions. On the contrary, it appears to this court that the gist of the affidavit of plaintiff's attorney which the appellate court assumed to be true are the asserted conclusions that neither plaintiff nor her attorney of record had either actual or constructive notice of the death of the named defendant and that the executor of the deceased and the attorneys for the defendant had actual knowledge of the death of the defendant but waited until the statute of non-claim had expired to file a suggestion of death. The essential question is whether or not the plaintiff had "actual or constructive knowledge" of the death of the named defendant and inherent in this question on the issue of "constructive knowledge" is the question of whether or not the plaintiff or her attorney knew or should have known of the death of the named defendant. Here lies the genuine controversy as to a material fact on which must hinge the right of the defendant-executor to assert the failure of the plaintiff to comply with the non-claim statute; and this is an issue to be determined by the jury upon all the facts and circumstances and from the conflicting inferences that may be drawn from the undisputed facts.

The fact that the court above assumed for the purpose of that review that the facts alleged in the affidavit of plaintiff's attorney are true, does not justify the conclusion that the failure of

the defendant to categorically deny such ultimate facts as "had no constructive knowledge of the death of Anderson Willie Phillips" leaves no genuine issue as to whether or not the plaintiff or her attorney knew or should have known of such death. In asserting an estoppel, through her reply to defendant's second defense, plaintiff has undertaken to establish by that reply a plea of estoppel by way of confession and avoidance which is an affirmative pleading and which imposes upon plaintiff the burden of proving by a preponderance of the evidence the facts alleged as constituting the estoppel, and the sufficiency of the testimony and evidence which may be offered to support the conclusions of fact asserted in said affidavit of counsel for plaintiff to carry this burden is likewise a question for the triers of the facts.

Accordingly, it is ordered and adjudged that plaintiff's motion for a summary judgment on the issues raised by defendant's second defense and plaintiff's reply thereto should be, and the same is, hereby denied.